## MILWEE v. MILWEE.

1. MARRIED WOMAN: *Not bound by title bond.*
   A married woman's executory contract to convey land, if not a mere nullity, is voidable at her election.

2. SAME: *Her deed: Joinder of husband.*
   It is not necessary that a husband join in his wife's deed of her land. It is good without him.

3. HUSBAND AND WIFE: *His interest in her land.*
   Milwee, in consideration of marriage, conveyed to his intended wife certain town lots in Locksburg, "to her, her heirs and assigns forever, to her and their own use, benefit and behoof, with full power to her to grant, bargain, sell and devise the same at will, in as full and complete a manner as if she were sole." The marriage occurred in 1872. In 1878 they separated, and she sold him the lots on time and executed bond to convey upon payment of the purchase money. Afterwards, upon his failure to pay, she sold and conveyed to another party, who had notice of the prior sale to her husband. In an action of ejectment by the last purchaser, *held*, that her bond for title, if not a mere nullity, was voidable at her election, and whatever interest the husband acquired in the premises by the intermarriage, was swept away by the deed to the plaintiff.

APPEAL from *Sevier* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

*B. B. Battle* for appellant.

A bond for title by a married woman is void.  (*Felkner
v. Tighe, 39 Ark., 357.*)  The deed is good and valid,
although the husband did not join in the execution thereof.
(*Roberts v. Wilcoxson, 36 Ark., 355.*)  The statute and Con-
stitution does not limit a married woman's power to convey
her real estate to any particular purpose or consideration.
(She need not acknowledge a consideration.)  *35 Ark., 480.*

Although appellee was in possession of the land at the
time his wife conveyed, she could convey as she could
have done if she had been in possession.  *Guntt's Digest,
sec. 834.*

SMITH, J.  In the year 1872, the appellee, in considera-
tion of a marriage thereafter to be celebrated between
himself and a Mrs. Dixon, conveyed to her parts of certain
lots in the town of Locksburg.  The deed expresses that
the lots are to be held to her, her heirs and assigns forever,
to her and their own use, benefit and behoof, with full power
and authority to her to grant, bargain, sell and devise the
same, at any time she may think proper, in as full and com-
plete a manner as if she were a single woman.  The marriage
took place in 1872, and the parties resided on the lots
until 1878, when they separated.  Arbitrators were called
in to divide the property between the husband and wife, and
their award was, as to the particular property now in con-
troversy, that the husband should make his two promis-
sory notes, each for $100, payable to his wife on the first
day of January, 1879, and 1880, respectively, the same to

8

be liens on the premises until payment. The notes were accordingly made, and Mrs. Milwee executed a bond obliging herself to reconvey the lots to her husband when the notes were paid. In July, 1880, the notes remaining unpaid, Mrs. Milwee sold and conveyed the land to the appellant, who brought ejectment.

The answer set up that the husband had been in possession of the property all the time, and that he did not join in the execution of the deed to appellant. Furthermore, that he held the obligation in writing of his wife to convey the lots to him, and that, independently of contract, he was entitled to the possession and control of his wife's real estate.

The cause was transferred to equity. The Circuit Court found that the purchase of the lots by the husband at the time of the separation, was valid and obligatory upon the wife, and that the purchase notes were binding upon the husband and collectable by process of law. It therefore decreed that the plaintiff, having notice of the defendant's rights, acquired no estate by his purchase.

1. MARRIED WOMAN: Not bound by title bond. We decided, in *Felkner v. Tighe, 39 Ark., 357*, that a married woman could not bind herself by an executory contract to convey her land. If this is true, with regard to contracts entered into with strangers, *a fortiori*, it applies to those made with her husband. Mrs. Milwee's bond for title, if not a mere nullity, was voidable at her election.

2. Husband need not join in her deed. It was no objection to Mrs. Milwee's deed to the appellant, that her husband did not join in the execution thereof. *Roberts v. Wilcoxson, 36 Ark., 355.*

3. His interest in her land. There is no question of curtesy initiate in this case, because there is no proof that any child has been born of this marriage. And whatever interest the husband acquired in the premises by the intermarriage, was swept away by the wife's conveyance.

The decree below is reversed, and a judgment will be entered here in favor of the appellant for the recovery of the land and rents from the twenty-eighth of July, 1880, at the rate of fifty dollars per year.