## NEELLY V. LANCASTER.

HUSBAND AND WIFE: *Curtesy; Construction of statute, etc.*
   The effect of *Section 4624, Mansfield's Digest*, and the Constitution of 1874, upon
   the rights of husband and wife in her real estate, was to exclude his marital
   rights during her life and to secure to her the right to use and dispose of it at
   will; but if she makes no disposal of it, and there be issue of the marriage,
   born alive, his title by curtesy consummate attaches at her death as at com-
   mon law.

APPEAL from *Yell* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*W. N. May* and *Hall & Carter* for Appellant.

Under our present constitution and laws the husband has
no curtesy.   *Art. 9, sec. 7, Const. 1874; 15 Ark., 483; Cooley's
Blackstone, vol. 1, top p. 126 and notes; 36 Ark., 355; Ib., 586;
43 Id., 28; Ib., 156; Ib., 160.*

*Davis & Bullock* and *Jacoway & Jacoway* for Appellees.

Under the constitution of 1874 the wife may convey or de-
vise her property as if she were a *femme sole* and thus defeat
her husband's curtesy, but unless she does so, the curtesy
attaches on her death.   See *44 Ark., 153; 43 Id., 427; 36 Id.,
355; Kelly Cont. Mar. Women, pp. 94–5, 109 to 117; 65 Ill., 132;
51 Id., 209; 45 Id., 57; 51 Id., 226; 44 Id., 58; 54 N. Y., 280;
52 Barb., 412; 24 Barb. (N. Y.), 581; 9 Id., 399; 3 C. E. Green,
(N. J.), 213; 2 Vroom, 244; 7 Jones, (N. C.), 161; 76 Penn. St.
280; 3 Smith (Pa.), 400; 2 Mich., 93; 11 Id., 33; 15 Id., 60; 31
Vt., 607; 12 Minn., 60; Bishop Mar. Women, vol. 2, p. 129, etc.;
3 Lea (Tenn.), 710; 6 Mo., 549; 30 N. J., 689; 50 Miss., 776;
82 Penn St., 86; 54 Miss., 50; 12 Heisk (Tenn.), 94; 60 Ill., 226.*

COCKRILL, C. J.   The action in this case is ejectment.   Mary Jane Wicker acquired title to the lands in controversy by descent from her father in 1861.   In 1881, being still seized in fee of the lands, she intermarried with John L. Lancaster, the appellee.   A child, capable of inheriting the estate, was born alive of this marriage, and in 1883 the wife died without living issue, and without making or attempting to make any disposition of the land.   The husband continued in possession, when the appellant, who is admitted to be the vendee of the rightful heir at law, brought this action against him.   The appellee, who is the husband, in his answer set forth the facts substantially as stated.   A demurrer to the answer was overruled, the plaintiff submitted to judgment and appealed.

1. CURTESY:—
·Construction of
statute.

The question is, has curtesy been abolished by the married woman's enabling provisions contained in the constitution and statutes.   Art. 9, sec. 7, of the constitution of 1874 is as follows :

"The real and personal property of any *femme covert* in this state, acquired either before or after marriage, whether by gift, grant, devise or otherwise, shall, so long as she may choose, be and remain her separate estate and property, and may be devised, bequeathed or conveyed by her, the same as if she were a *femme sole*, and the same shall not be subject to the debts of her husband."

*Section 4624, Mansfield's Digest,* which is taken from the Act of April 28, 1873, declares that the property of a married woman, together with the rents and profits thereof, whether acquired before or after marriage, "shall notwithstanding her marriage be and remain her sole and separate property, and may be used, collected and invested by her in her own name, and shall·not be subject to the interference or control of her husband .or liable for his debts."

Curtesy has not been the subject of legislative enactment in this state, and the common law upon that subject prevails, except as modified or changed by the provisions above quoted. They contain no express exclusion of the husband's marital rights in the deceased wife's property, and if the incidents of marriage as recognized by the common law are abrogated by them, it is because the rights which they secure to the wife are inconsistent with the husband's common law rights. To the extent of the inconsistency between the positive provisions of the law and the rules of the common law the latter must of course yield and give place to the former. That the wife may hold her lands to her separate use, free from the interference of her husband and his creditors, is plain from the terms of the written law. In the absence of regulating statutes, or constitutional provisions, she would not enjoy these rights, for the immediate effect of coverture would be to invest the husband with the usufruct of her real estate, and upon the birth of issue capable of inheriting the estate, he would take an enlarged life interest in it, and would become what was termed a tenant by the curtesy initiate, with power to convey his estate without the wife's concurrence. That it was the purpose of the provisions quoted to abolish this feature of the tenancy by the curtesy, and thereby exclude the rights of the husband during coverture, their terms leave no room to doubt. *Hitz v. Natl. Bank, 111 U. S., 729–31.*

The same result was easily reached before the enactments referred to, by a conveyance to the wife, or to a trustee, for her sole and separate use; and the intention of the grantor in such conveyances to modify or totally exclude the husband's marital rights, as gathered from the language employed, was the test of the interest that he acquired in the lands so held by his wife. It was always admitted that the question, in courts of equity at least, was one not of power to exclude the ordinary marital rights of the husband, but of intention. It accordingly became

11——47

a settled rule that if a legal or equitable estate of inheritance was limited simply to the separate use of a married woman, no intention was manifested to exclude the husband's ultimate estate, and upon issue born alive and death of the wife, he took his curtesy out of it. The fact that the rents and profits were expressly secured to the wife's separate use and the estate in terms exempted from liability for the husband's debts, it is said, did not alter the rule. And the same was true of a like estate settled upon the wife, or in trust for her, with power to convey or to direct by will or otherwise the person to whom the land should be conveyed, if at her death the power remained unexecuted. The cases all concede that the intention of such conveyances to cut off the husband's rights after the death of the wife must in some form be expressed or clearly implied to have that effect. This was ordinarily done either by stipulating that the husband should not be tenant by the curtesy of the lands conveyed, or else by passing the property immediately upon the wife's death to her heirs or appointee. *Cushing v. Blake, 30 N. J. Eq., 689; Stokes v. McKibben, 13 Pa. St., 267; Carter v. Dale, 3 Lea (Tenn.), 710; Tremmel v. Kleiboldt, 75 Mo., 255; Frazer v. Hightower, 12 Heisk (Tenn.), 94; Morgan v. Morgan, 5 Madd., 410.*

If the settlement or trust deed to the wife's separate use did not plainly exclude the husband's participation after the wife's death, the restriction was construed by the courts to extend to the period of coverture only, and as the matter of his total exclusion was a thing to be accomplished merely by the expression of the intention, the conveyance was not construed to divest the husband's rights further than the terms strictly required, and words of doubtful import were not permitted to have that effect.

The provisions of the statute law restricting the marital rights of the husband stand upon a like footing and have been so likened and construed in most of the jurisdictions where the question has arisen, the statutory or constitutional provision

being held to occupy the place of the conveyance which created the separate use.

The interest of the wife under the enabling acts is not essentially different from that which subsists in relation to her separate estate when created by settlement or deed of trust. It is declared by our law to be her sole and separate property, subject to be conveyed or devised by her, as though she were a *femme sole*, and the language of the law may have full effect as like language in a deed would have without impairing the right of the husband in the enjoyment of the estate after the death of the wife. It protects her estate during her life; it does not at her death purport to affect the law of succession. There is no reason of public policy which requires that the law should be differently construed, and the common law incidents of marriage are swept away only by express enactment or necessary implication. *Bertles v. Nunan, 92 N. Y., 160; Robinson v. Eagle, 29 Ark., 202.*

. If the framers of the law intended a different construction it would have been easy to accomplish it either by expressly abolishing curtesy, or by directing a different succession on the death of the wife. But under the provisions of the law quoted, and the construction that we have heretofore placed upon it, whatever interest the husband may acquire in the lands of his wife by marriage, may be swept away by her subsequent conveyance or devise of them. *Bagley v. Fletcher, 44 Ark., 153; Milwee v. Milwee, Ib., 112; Roberts v. Wilcoxon, 36 Ib., 355.*

In the same manner she could defeat the possibility of curtesy in her separate estate before the statute, by conveying or causing it to be conveyed away in pursuance of a power granted to her in the instrument.

The rule, therefore, under our law is, and it is the established doctrine under similar laws, with few exceptions, that while the husband is excluded during the wife's life from the control of or interference with her separate real estate, yet the right of

curtesy is left to him in so much of it as remains undisposed of at her death. *Kelly Cont. Mar. Women, pp. 94-5; 1 Bishop Mar. Women, secs. 147, 150; Schouler Husb. and Wife, sec. 423; Johnson v. Cummins, 16 N. J. Eq., 97; Porch v. Fries, 18 Ib., 204; Prall v. Smith. 31 N. J. L., 244; Hatfield v. Sneden, 54 N. Y., 280; Bertles v. Nunan, 92 Ib., 160; Martin v. Robson, 65 Ill., 129; Cole v. Riper, 44 Ib., 58; Leggett v. McClelland, 39 Ohio St., 624; Houck v. Ritter, 76 Penn. St., 280; Stewart v. Ross, 50 Miss., 776; Houston v. Gassell, 7 Jones (N. C.), 161.*

In the case at bar, upon the death of the wife, the estate vested in her heir subject to the intervening particular estate of the appellee as tenant by the curtesy. He therefore holds an estate in the lands for his life, and the plaintiff is not entitled to the possession.

Let the judgment be affirmed.