## JOHNSON *et al.* v. SIMPSON.

No. 4406.    Opinion Filed February 24, 1914.

(139 Pac. 129.)

1.    **CURTESY**—Existence of Estate.  Upon the passage and approval of Act of May 2, 1890, c. 182, 26 St. at L. 94, which extended over and put in force in the Indian Territory the common law of England as adopted by the state of Arkansas, with the proviso excepting Indians and their estates, and Act of June 7, 1897, c. 3, 30 St. at L. 83, which provided that such laws should apply to all persons of the Indian Territory, irrespective of race, and the

Curtis Act of June 28, 1898, c. 517, 30 St. at L. 495, which provided that the laws of Indian tribes should no longer be enforced, title by curtesy consummate, as it existed in the state of Arkansas, attached, in favor of the husband, to all lands of which the wife became seised during coverture.

2.  **SAME—Conveyance by Wife—Effect.** Under curtesy consummate, as it existed in the state of Arkansas, whatever interest the husband acquired in the lands of his wife by marriage could be swept away by her subsequent conveyance or devise of them.

(Syllabus by the Court.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action between Thomas Johnson and others and J. R. Simpson. From the judgment, the parties first named bring error. Affirmed.

*J. A. Baker,* for plaintiffs in error.

*Owen & Stone,* for defendant in error.

KANE, J. . The subject-matter of this action is an Indian allotment situated in the Seminole Nation. As stated by counsel for plaintiffs in error in his brief, "There is only one question in this case, and that is whether or not there is in the Indian Territory now, or was prior to statehood, under the law such a thing as an estate by the curtesy." The court below gave an affirmative answer to the question, and it is to reverse the decree entered upon that conclusion of law that this proceeding in error was commenced.

Subsequent to the time counsel for plaintiffs in error filed his brief in this cause, the United States Circuit Court for the Eastern District of Oklahoma had occasion to pass upon a similar question, and decided it in harmony with the conclusion reached by the court below. *Armstrong v. Wood et al.* (C. C.) 195 Fed. 137. The substance of Judge Campbell's opinion is that upon the passage and approval of the Act of May 2, 1890 (26 Stat. 81, Mansf. Dig., c. 20), which extended and put in force in the Indian Territory the common law, as adopted by the state of Arkansas, with a proviso excepting Indians and their estates, and Act of June 7, 1897, c. 3, sec. 1, 30 Stat. 83, which provided

that such laws shall apply to all persons of the Indian Territory; irrespective of race; and by the Curtis Act of June 28, 1898, which provided that the laws of Indian tribes should no longer be enforced, the common law as theretofore conditionally extended over the Indian Territory was made applicable to all persons, irrespective of race, and that the estate by the curtesy attached in favor of the husband to all lands of which the wife became seised during coverture upon the arising of the conditions upon which that estate is based at common law. Section 566, c. 20, Mansf. Dig., reads as follows:

"The common law of England, so far as the same is applicable and of a general nature, and all statutes of the British Parliament in aid of or to supply the defect of the common law made prior to the fourth year of James the first (that are applicable to our own form of government), of a general nature and not local to that kingdom, and not inconsistent with the Constitution and laws of the United States or the Constitution and laws of this state, shall be the rule of decision in this state unless altered or repealed by the General Assembly of this state."

In *Neelly v. Lancaster,* 47 Ark. 175, 1 S. W. 66, 58 Am. Rep. 752, the question was: Has curtesy been abolished by the married woman's enabling provisions contained in the Constitution and statutes of Arkansas? The statutes and constitutional provisions under consideration (article 9, sec. 7, Constitution 1874, and section 4624, Mansf. Dig.) provide respectively in effect that the real and personal property of any *femme covert* acquired either before or after marriage, whether by gift, grant, devise or otherwise, shall, so long as she may choose, be and remain her separate estate and property, and may be devised, bequeathed, or conveyed by her the same as if she were a *femme sole,* and the same shall not be subject to the debts of her husband, and that the property of a married woman together with the rents and profits thereof, whether acquired before or after marriage, "shall notwithstanding her marriage be and remain her sole and separate property, and may be used, collected and invested by her in her own name, and shall not be subject to the interference or control of her husband or liable for his debts." The court held that the effect of section 4624, Mansf. Dig., and the constitu-

tional provision (article 9, sec. 7, Const. 1874), upon the rights of husband and wife in her real estate, was to exclude his marital rights during her life and secure to her the right to use and dispose of it at will; but that if she makes no disposal of it, and there be issue of the marriage, born alive, his title by curtesy consummate attaches at her death as at common law.   Mr. Chief Justice Cockrill, who delivered the opinion for the court, after fully reviewing the authorities upon the question under consideration and reaching the foregoing decision, adds:

"If the framers of the law intended a different construction it would have been easy to accomplish it either by expressly abolishing curtesy, or by directing a different succession on the death of the wife.   But under the provisions of the law quoted, and the construction that we have heretofore placed upon it, whatever interest the husband may acquire in the lands of his wife by marriage may be swept away by her subsequent conveyance or devise of them.   *Bagley v. Fletcher*, 44 Ark. 153; *Milwee v. Milwee*, 44 Ark. 112; *Roberts v. Wilcoxon*, 36 Ark. 355."

As the reasoning of the foregoing cases is satisfactory, and the Arkansas case probably controlling, we hold that curtesy consummate, as it existed in Arkansas prior to the enactment of the acts of Congress referred to above, was by said enactment extended over and put in force in the Indian Territory and remained in force therein until the advent of statehood. *Blaylock v. Muskogee*, 117 Fed. 125, 54 C. C. A. 639.

The judgment of the court below is affirmed.

All the Justices concur.