## PIERCE *et al.* v. ELLIS *et al.*

No. 5489.   Opinion Filed October 12, 1915.

(152 Pac. 340.)

1.   **INDIANS—Title by Curtesy Consummate.** Upon the passage and approval of Act May 2, 1890, c. 182, 26 St. at L. 94, which extended over and put in force in the Indian Territory the common law of England as adopted by the State of Arkansas with the proviso excepting Indians and their estates, and Act June 7, 1897. c. 3, sec. 1, 30 St. at L. 83, which provided that such laws should apply to all persons of the Indian Territory, irrespective of race, and Curtis Act June 28, 1898. c. 517, 30 St. at L. 495, which provided that the laws of Indian tribes should no longer be enforced, title by curtesy consummate, as it existed in the State of Arkansas, attached in favor of the husband to all lands of which the wife became seised during the coverture.

2.   **CURTESY—Title by Curtesy Consummate—Extinguishment.** Under curtesy consummate, as it existed in the State of Arkansas, whatever interest the husband acquired in the lands of his wife by marriage could be swept away by her subsequent conveyance or devise of them (following **Johnson et al v. Simpson**, 40 Okla. 413, 139 Pac. 129).

(Syllabus by Brewer, C.)

*Error from District Court, Murray County;*

*R. McMillan, Judge.*

Action by Geo. H. Pierce and others against D. F. Ellis and others. From the judgment, the parties first mentioned bring error. Affirmed.

*Walter E. Latimer*, for plaintiffs in error.

*H. A. Ledbetter*, for defendants in error.

Opinion by BREWER, C. Nannie Rogers, a Chickasaw Indian by blood, married John Rogers, a white man. One child was born alive of this issue, and prior to statehood Nannie Rogers received an allotment of the lands of her tribe, then died intestate, without having disposed of the lands, leaving surviving her the child and her said husband. The child died later. The only question involved, as admitted in the briefs, is: Did the surviving husband, upon the death of the wife, take an estate by curtesy in her lands? So far as this court is concerned, we do not consider the question now an open one.

In the case of *Johnson v. Simpson*, 40 Okla. 413, 139 Pac. 129, the syllabus is as follows:

'('1) Upon the passage and approval of Act May 2, 1890, c. 182, 26 St. at L. 94, which extended over and put in force in the Indian Territory the common law of England as adopted by the State of Arkansas, with the proviso excepting Indians and their estates, and Act June 7, 1897, c. 3, 30 St. at L. 83, which provided that such laws should apply to all persons of the Indian Territory, irrespective of race, and the Curtis Act June 28, 1898, c. 517, 30 St. at L. 495, which provided that the laws of Indian tribes should no longer be enforced, title by curtesy consummate, as it existed in the State of Arkansas, attached, in favor of the husband, to all lands of which the wife became seised during coverture.

"(2) Under curtesy consummate, as it existed in the State of Arkansas, whatever interest the husband ac-

quired in the lands of his wife by marriage could be swept away by her subsequent conveyance or devise of them."

The United States District Court for the Eastern District of Oklahoma has announced the same principle in *Armstrong v. Wood et al.* (C. C.) 195 Fed. 137.

The Johnson Case, *supra,* involved allotted lands in the Seminole Nation; the Armstrong Case, *supra,* lands in the Creek Nation. The land in controversy here is a Chickasaw allotment; but, so far as we can see, there is nothing in the laws and treaties peculiarly applicable to the Choctaw and Chickasaw Tribes that would require a distinction, or except the lands of those nations from the operation of the rule announced in the above cases. In fact, it would appear that more reasons could be given to take the Creek lands out of the rule than to take the Chickasaw and Choctaw lands out of it.

The situation here presents all the elements necessary to create an estate by curtesy, if such an estate existed in Indian Territory prior to statehood in allotted lands, as has been held.

The cause should be affirmed.

By the Court: It is so ordered.