## MORRIS *et al.* v. SWEENEY *et al.*

No. 4748.   Opinion Filed November 30, 1915.

Rehearing Denied February 29, 1916.

(155 Pac. 537.)

1.   **INDIANS — Allotment — Surviving Husband — Right to Curtesy.**
The surviving husband of a deceased full-blood Mississippi Choctaw Indian woman who was duly enrolled, but who died before receiving patent to her allotment, is entitled to curtesy in said lands, under the facts stated in the opinion.

2.   **GUARDIAN AND WARD—Guardian's Sale—Default of Purchaser—Resale.** Under section 6388, Rev. Laws 1910, where the purchaser at a guardian's sale fails to comply with the terms of the sale, the court may, after notice to the purchaser, order a resale to be made of the property.

3.   **SAME—Confirmation of Sale—Order Setting Aside—Resale—Notice.** Where the court under the terms of section 6388, Rev. Laws 1910, sets aside an order of confirmation and orders a resale of the ward's property, all persons thereafter dealing with said property are charged with notice of such orders.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*Stilwell H. Russell, Judge.*

Action by Robert Sweeney and others against E. E. Morris and others.   Judgment for plaintiffs, and defendants bring error.   Reversed and remanded.

*Sigler & Howard,* for plaintiffs in error.

*J. B. Moore,* for defendants in error.

HARDY, J.   Defendants in error, who will hereinafter be referred to as plaintiffs, began this suit in the district court of Carter county against plaintiffs in error, hereinafter designated defendants, for the possession of certain lands described in the petition, same being the al-

lotment of Arrah Ann Sweeney, a full-blood Choctaw Indian, and praying that plaintiffs' title to said premises be decreed valid and perfect, and that defendants be decreed to have no right, claim, or interest therein. Defendants answered, setting up their respective claims, to which reply was filed, and the case was tried to the court without a jury, resulting in judgment for plaintiffs, and defendants bring error.

It appears that Arrah Ann Sweeney was a duly enrolled full-blood Mississippi Choctaw Indian, who died before receiving patent to her allotment; that during the year 1908 defendant Williams undertook to convey the lands to defendant Fanning, receiving as part payment therefor $500 in cash, and notes for the deferred payments; that afterwards, on the 18th day of January, 1909, the plaintiff, Robert Sweeney, husband of deceased, conveyed the lands by warranty deed to Luella Williams, which deed was approved by the county court of Stephens county on the 8th day of June, 1909.

This deed would convey whatever interest said Robert Sweeney at that time had in and to said lands. His wife having died before receiving her patent, and children having been born alive of the marriage, he would be entitled to an estate by curtesy in the allotment of his deceased wife. *Johnson et al. v. Simpson*, 40 Okla. 413, 139 Pac. 129; *Armstrong v. Wood* (C. C.) 195 Fed. 137; *Pierce et al. v. Ellis et al.*, 51 Okla. 710, 152 Pac. 340.

In *Cook v. Childs*, 49 Okla. 321, 152 Pac. 88, it was held:

"The surviving widow of a deceased member of the Choctaw Tribe of Indians who died after his enrollment was finally approved, and before selecting his allotment,

where an allotment was afterwards selected in his name
by an administrator, and patent issued therefor under the
provisions of section 22 of the act of Congress of July 1,
1902, commonly known as the 'Choctaw-Chickasaw Sup-
plemental Agreement,' is entitled to dower in the lands
selected by such administrator."

In that case the husband died after his enrollment
was finally approved, and before selecting his allotment,
and the wife was awarded dower in the lands selected by
the administrator.

By parity of reasoning in the instant case, the en-
rollment of the deceased, Arrah Ann Sweeney, having
been finally approved, her lands would descend in the
same manner as they would have descended had patent
issued during her lifetime, and her surviving husband,
Robert Sweeney, would be entitled to curtesy therein, and
his deed, being properly executed and approved, would be
effectual to convey his interest. This question was not
presented nor considered by the court in *Criner v. Farve
et al.*, 44 Okla. 618, 146 Pac. 10.

As to the interest of the minors, however, a different
question is presented. It is shown that Williams, the pur-
chaser at the guardian's sale, paid no part of the sum bid,
and on July 20, 1909, upon application by the guardian,
and upon proper notice and a showing that the purchase
price had not been paid, the court entered an order setting
aside the confirmation previously made, and ordered a re-
sale of the property, which was never consummated. The
authority of the court to enter the order setting aside the
confirmation and directing a resale of the property is chal-
lenged. Section 6388, Rev. Laws 1910, provides that upon
return of the sale and proper showing being made the

court must make an order confirming the sale, and further provides:

"If after the confirmation the purchaser neglects or refuses to comply with the terms of sale the court may on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property. If the amount realized on such resale does not cover the bid and the expenses of the previous sale, such purchaser is liable for the deficiency to the estate."

This provision is made applicable to sales by guardians by virtue of section 6565, Rev. Laws 1910. The order recites that no part of the bid had been paid, that there was an error in the description of the land sold, and that application had been filed as the law directs praying for a resale of the property. The statute quoted is sufficient upon the facts found to authorize the decree setting aside the confirmation and directing a resale of the property, and as between the guardian and the purchaser Williams no question is or could be made as to the effect of these proceedings when the authority of the court so to do is established.

In *Ozark Oil Co. v. Berryhill*, 43 Okla. 523, 143 Pac. 173, this court said:

"It is unquestionably the law that the county courts of this state have full control and jurisdiction of all probate matters, and may at any time prior to the majority of any minor, whose estate is involved in any proceedings pending in said court, upon proper notice and for legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor."

See, also, *Brummagin, Adm'r, v. Ambrose,* 48 Cal. 366.

The defendant Fanning, to avoid the effect of this order, insists that she is an innocent purchaser, and there-

fore her rights were not affected. The deed procured by
Fanning from Williams in 1909 recited the same consid-
eration as the former deed, but no consideration passed
at the time; it being an attempt to ratify the first
deed. In 1908 Williams had no title to the interest of the
minors which he could convey, and he having paid no part
of his bid at the guardian's sale, and Fanning having paid
nothing for the subsequent conveyance, neither Williams
nor Fanning acquired such title as would defeat the right
of the county court to set aside the order of confirmation
and order a resale, and the defendant Fanning therefore is
not an innocent purchaser of the interest of said minors,
and upon showing these facts the court below was right
in finding in favor of plaintiffs and against said defend-
ants as to the interest of said minors.

The claims of all the other defendants as to the es-
tate of the minors attached after the order of July 20,
1909, setting aside the confirmation and ordering a resale,
and they were therefore charged with notice of the fact
that said order had been made, and dealt with the interest
of the minors under the circumstances at their own risk.
Counsel claim that said order had not been recorded in the
county court where the lands were situated, but whether
it was so recorded does not appear from the record herein.
The only reference we find thereto is where counsel object
to certain testimony upon that ground. However, we
think this is immaterial. The lands involved were lands
of minors, and the chain of title necessarily disclosed the
probate proceedings in which the attempted sale was had,
and intending purchasers were charged with knowledge of
the fact that title could only be obtained thereto by virtue
of an order of sale duly had in proper proceedings, which
had to be confirmed by the court in which such proceedings

were pending; and they were further charged with knowledge of the fact that the court had the power under the statute above quoted to set aside the order of confirmation upon proper showing, and to order a resale of the premises, and it was their duty to examine said proceedings to determine whether an order of this kind had been made.

It appearing that the deed of Robert Sweeney was effectual to convey the interest possessed by him, the court was in error in granting the full prayer of plaintiffs' petition; and the cause is accordingly reversed and remanded for further proceedings in accordance herewith.

All the Justices concur, except SHARP, J., not participating.