BRIDGES v. WRIGHT *et al.*

No. 3917.   Opinion Filed February 29, 1916.

(155 Pac. 883.)

**INDIANS—Indian Allotment—Curtesy.** Where a Choctaw Indian woman, who was duly enrolled and was residing with her husband and infant son upon lands which she had selected and was entitled to as her allotment, died before making formal application and receiving patents, but after her death patents were issued to her for said lands, **held**, that under the Arkansas statute then in force in the Indian Territory her husband is entitled to a life estate in said lands by curtesy.

(Syllabus by Brett, C.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by Ed. Bridges against James E. Wright, as guardian of Elisha Bridges, a minor, and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*J. B. Dudley,* for plaintiff in error.

*C. G. Moore,* for defendants in error.

Opinion by BRETT, C. This action was commenced by Ed. Bridges, the plaintiff in error, against the defendants in error, James E. Wright, as the guardian of Elisha Bridges, a minor, and Elisha Bridges, to recover possession of a certain tract of land described in the petition, which was the homestead and surplus allotments of Nancy Bridges, deceased, who was a duly enrolled Choctaw Indian by blood, having been enrolled under the name of Nancy Bench. There was a judgment for the defendants, and the plaintiff appeals to this court.

The material facts are that Nancy Bridges, deceased, and the plaintiff, Ed. Bridges, were lawfully married August 18, 1901, and continued to live together as husband and wife until January 16, 1904, at which time Nancy Bridges died, leaving surviving her as her sole and only heirs her husband, the plaintiff, Ed. Bridges, and an infant son, the defendant Elisha Bridges; that the allottee, Nancy Bridges, and her husband moved upon these lands shortly after their marriage in 1901, and cleared, cultivated, improved, and resided upon same up to and including the date of the death of said allottee, and selected these lands as her prospective allotment; that said allottee went to Tishomingo for the purpose of making formal application to file upon said lands, but was taken ill, and died before making such formal application, but she was in possession at the time of her death, and had a right to

have these lands allotted to her, and following her death or in March, 1904, said lands were allotted to her, and patents were issued. The defendant James E. Wright, as guardian of Elisha Bridges, the minor son, took possession of said lands as the property of his ward; and plaintiff, Ed. Bridges, sued for possession of said lands, claiming a life estate in said lands by curtesy. The only question in the case is whether under the facts he is entitled to a life estate in the lands described by curtesy. It is admitted that the Arkansas statute which was then in force in the Indian Territory controls; and in *Morris et al. v. Sweeney et al.*, 53 Okla. 163, 155 Pac. 537, Mr. Justice Hardy said:

"The surviving husband of a deceased full-blood Mississippi Choctaw Indian woman who was duly enrolled, but who died before receiving patent to her allotment, is entitled to curtesy in said lands, under the facts stated in the opinion."

And the facts in that case are very similar to those in the case at bar. The enrolled wife in that case died before patent was issued, and the court held:

"* * * Her land would descend in the same manner as it would have descended had patent issued during her lifetime; and her surviving husband, Robert Sweeney, would be entitled to curtesy therein"

—supporting this holding by *Johnson et al. v. Simpson*, 40 Okla. 413, 139 Pac. 129; *Armstrong v. Wood* (C. C.) 195 Fed. 137; *Pierce et al. v. Ellis et al.*, 51 Okla. 710, 152 Pac. 340; *Cook v. Childs*, 49 Okla. 321, 152 Pac. 88.

This decision by our own court upon facts so similar to the facts in the case at bar, we think, is decisive of this

case, and the judgment should be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.