AUSTIN *et al.* v. CHAMBERS *et al.*

No. 1533.   Opinion Filed May 14, 1912.

(124 Pac. 310.)

1.   **COURTS** — Jurisdiction — **Title to Real Property.** The district courts of the state have jurisdiction of actions in ejectment and of actions to remove cloud from title; and the county courts of the state have no jurisdiction of such actions, for the reason that they call into question or dispute title to real estate.

2.   **INDIANS—**Jurisdiction—**Title to Real Property.** Prior to the admission of the state, the will of a deceased Indian was duly probated and executed by the executor in the Indian Territory, and all the debts of the estate paid.   There was but one beneficiary under the will.   **Held,** that a district court of the state has jurisdiction of an action in ejectment to recover possession of or of a suit to remove cloud from title to the allotted lands of deceased, brought by the heirs at law of deceased against the beneficiary under the will claiming title to said lands under the will, in which action the heirs contend, first, that the will of deceased does not devise the land in controversy; and, secondly, if it attempted to devise it, it was not within the power of deceased to devise said lands.

(Syllabus by the Court.)

*Error from District Court, Rogers County;*
*H. Jennings, Special Judge.*

Action by Sarah Austin and another against Teece Chambers and another. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*E. S. Bessey,* for plaintiffs in error.

*Jno. Q. Adams* and *Joe Chambers,* for defendants in error.

HAYES, J.   Sarah Austin and Lizzie Kingfisher, plaintiffs in error, plaintiffs below, brought this action in the lower court against Teece Chambers and Nancy Chambers, as defendants, to remove cloud from title to one certain tract of land of which plaintiffs alleged they were the owners, and to obtain judgment for possession for certain other tracts of land of which plain-

tiffs allege they are the owners, and for damages for detention thereof by defendants.

Plaintiffs allege in their amended petition that they are the only heirs at law of one Rebecca Yahn, who was a citizen of the Cherokee Tribe of Indians, and who departed this life in November, 1903. They allege that deceased, at the time of her death, was, as a member of said tribe of Indians, entitled to an allotment of land which had not been selected or allotted to her; that deceased left a will; that after defendant Teece Chambers had been duly appointed executor of said will he selected and filed on the lands in controversy as the allotment of said Rebecca Yahn for and on behalf of the heirs and distributees of deceased. His appointment as executor was made on the 9th day of December, 1903, in one of the United States Courts of the Indian Territory at Claremore. They allege that the will of deceased does not devise the allotment of land selected by the executor, and that at the time of her death deceased had no title in and to the same; that upon the selection of said lands the legal title immediately became vested in them as the sole heirs at law of deceased; and that all the decedent's debts have been paid. As to the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 1, township 13, range 24, situated in Delaware county of this state, they allege that defendant Teece Chambers, as executor, and defendant Nancy Chambers as sole beneficiary under Rebecca Yahn's will, claim some title or interest in said lands by reason of said will; and that both are endeavoring in the probate court of Rogers county to have said land set over and distributed to them under said will; and that said will and the claims of defendants thereunder constitute a cloud upon their title. As to the other tracts of land described in their amended petition, they allege that defendants are in wrongful possession thereof, claiming to be the owners of the title thereto; and that they have been in possession of same and collected the rents and profits therefrom since the allotments were made, during all of which time plaintiffs allege that they have been the owners of the legal and equitable title to said lands, and have been unlawfully deprived of

the rents and profits thereon. For these tracts of land, they pray judgment for possession and damages.

There was a demurrer to the amended petition upon several grounds, which was by the trial court overruled. Thereafter answer was filed by which defendants deny each and every allegation of the amended petition, except such as are specifically admitted, qualified, or explained. They allege that under the terms of Rebecca Yahn's will the defendant Nancy Chambers is the sole beneficiary and entitled to a decree of the county court, distributing to her all the property, both real and personal, of deceased, subject to the payment of deceased's debts. They allege that at the death of deceased she owed a large number of debts, which have been fully paid out of the proceeds of other property, constituting part of deceased's estate, sold by order of court for the payment of said debts.

Defendants objected to the introduction of any testimony by plaintiffs, upon the ground that the district court was without jurisdiction to try said cause. The court reserved his opinion upon said objection until all the evidence had been introduced by both parties; whereupon he held that the district court was without jurisdiction, because such jurisdiction exists in the county court, which is now exercising jurisdiction in the matter, and for that reason dismissed the cause. It is to reverse this judgment of dismissal that plaintiffs prosecute this proceeding; and the sole question presented for our consideration at this time is, Has the trial court jurisdiction of the case? This question, we think, must be answered in the affirmative.

It will be observed from the facts above stated that Rebecca Yahn died, her will was probated, an executor appointed, all the debts against her estate paid, and the selection of the allotment of the land in controversy made before the admission of the state into the Union, and at a time when chapters 1 and 155 of Mansf. Dig. of Ark. were in force in the Indian Territory and regulated the probating of wills and the administration of estates of deceased persons. Chapters 4 and 58, Ind. T. Ann. St. 1899. The selection of the allotment by her executor was by

authority of section 20 of an act of Congress, approved July 1, 1902, providing for the allotment of the lands of the Cherokee Nation to the members of the tribe. 1 Kappler's Indian Affairs, Laws, and Treaties, p. 789. That section provides that if any person whose name appears upon the rolls of the tribe shall have died subsequent to the 1st day of September, 1902, before receiving his allotment, the land to which he would have been entitled to, if living, shall be allotted in his name, and shall descend to his heirs according to the laws of descent and distribution, as provided by chapter 49 of Mansf. Dig. of Ark. (Ind. T. Ann. St. 1899, c. 21), and authorizes the selection of the allotment to be made by a duly appointed administrator or executor. While plaintiffs allege that deceased had no estate in the land in controversy at the time of her death which she could devise by will, they concede that she had such an estate as was subject to the payment of her debts, in the absence of other property in sufficient amount to pay them. We do not determine whether this concession is the law; for it is admitted that there was sufficient other property to pay the debts, and that the same were paid. It is well settled by decisions under the statute in force in the Indian Territory, controlling in this case, that the real estate of a deceased person is assets in the hands of an administrator only for the payment of the debts against the estate. If there are no debts against the estate, or there is sufficient other property subject to the payment of same to pay all the debts, the title to the lands of a deceased person descend to his heirs, or pass to the beneficiaries under his will, free of any claims of the administrator or right to the possession thereof. *Stewart v. Smiley*, 46 Ark. 373; *Sisk v. Almon et al.*, 34 Ark. 391; *Tate et ux. v. Jay et al.*, 31 Ark. 577; *Culberhouse v. Shirey*, 42 Ark. 25.

It follows from the doctrine of the foregoing cases and under the facts in this case relative to the debts of deceased that, upon the allotment of the land to deceased in deceased's name by the executor, title to same vested in defendant Nancy Chambers, beneficiary under the will, provided, of course, the language of

the will is sufficient to show an intention to devise the expected allotment to her; and deceased had such an estate in the allotment at the time of her death that she could devise it by will. On the other hand, if the will fails to show an intention to devise it, or is void, because said allotment was not devisable, then the same descended to plaintiffs as the heirs at law of deceased, free of any right or claim of her administrator or executor. We do not pass upon the sufficiency of the terms of the will to indicate an intention of the testator to convey her anticipated allotment to the devisee. That question was not passed upon by the trial court; and a decision thereon is neither involved nor necessary to the sole question presented for our consideration by this appeal.

The will does not grant any authority to the executor to partition the real estate devised, and such provision is unnecessary; for the will designates only one beneficiary. Nor is any authority granted to the executor to sell any real estate, except for the purpose of paying debts. No statute existed which conferred upon the United States courts of the Indian Territory, acting under their probate jurisdiction, authority to partition real estate. Probate courts did not exist at common law, and they therefore have no power or jurisdiction by common law, and their authority must be found within the statute or constitutional provision creating them and defining their jurisdiction. *Myrick v. Jacks,* 33 Ark. 425; *Monastes v. Catlin,* 6 Ore. 119. From the facts alleged, it is apparent that the administration of this estate by the executor and the probate courts of the Indian Territory had been completed before the admission of the state, with the exception of the filing by the executor of his report and having the same approved; and that neither had any further authority over the land involved in this controversy.

Section 13, art. 7, of the Constitution, confers original jurisdiction upon the county courts of the state to transact all business appertaining to estates of deceased persons, including the sale, settlement, partition, and distribution of the estates thereof; but this proceeding is not for the purpose of administering an estate

of a deceased person, or to partition same. It is an action by the heirs at law to an estate that has already been administered against the beneficiary under a will that has been proved and fully executed. It is, as to the first cause of action alleged, to clear title, and, as to the second cause of action alleged, a suit in ejectment. Defendant's defense to these causes of action is that she holds the title to the land involved by virtue of a will that has been duly probated. Plaintiffs, on the other hand, insist that the will is ambiguous, and, when properly construed, does not attempt to devise the land in controversy, but that if it does the deceased had no estate in the land that she could devise. Neither cause of action can be tried without the title to land being called in question. Section 10, art. 7, of the Constitution, confers original jurisdiction upon the district courts in all cases, civil and criminal, except where exclusive jurisdiction is by the Constitution or by law conferred upon some other court. Neither the Constitution nor any statute confers exclusive original jurisdiction of civil actions of the character of the case at bar upon any other court; but section 12, art. 7, of the Constitution, provides that the county court shall not have jurisdiction in any action wherein the title or boundaries to land may be in dispute or called in question. The trial court therefore erred in holding that the district court has no jurisdiction of this cause, and that jurisdiction of same is in the county court.

For that error, the cause is reversed and remanded.

TURNER, C. J., and WILLIAMS, KANE, and DUNN, JJ., concur.