## OZARK OIL CO. v. BERRYHILL.

No. 5603.    Opinion Filed September 1, 1914.

Rehearing Denied October 6, 1914.

(143 Pac. 173.)

1.  **COURTS—Jurisdiction—County Court.**  The county courts of this
    state are of limited jurisdiction, and have only such jurisdiction
    as is specifically granted by section 12, article 7, of the Con-
    stitution, and as is conferred by acts of the Legislature which are
    in harmony with the provisions of the Constitution.

2.  **COURTS—County Court—Modification of Lease—Jurisdiction.**  The
    defendant in error, while a minor, through his guardian, petitioned
    the county court of Okmulgee county for an order permitting him
    to lease certain lands to plaintiff in error for the purpose of pro-
    ducing oil.  The order was granted and the 'lease executed for a
    term of five years, and so long as oil and gas were found in pay-
    ing quantities.  Said lease was approved by the county court and
    by the Secretary of the Interior.  After the ward became of age
    and before the expiration of said lease, he filed in his own name
    his petition in the county court, praying for the modification and
    in effect the cancellation of said lease, upon the ground that it
    was obtained by misrepresentations.  The county court granted
    the relief prayed.  **Held,** that this was not a probate proceeding,
    and the county court was without jurisdiction to entertain said
    proceedings to modify and cancel said lease and render the judg-
    ment complained of.  The appeal is dismissed, with direction to
    the court to vacate the judgment rendered and dismiss said pro-
    ceedings.

(Syllabus by the Court.)

*Error from County Court, Okmulgee County;*
*W. L. Merwine, Special Judge.*

Action by William Berryhill against the Ozark Oil Com-
·pany.  Judgment for plaintiff, and defendant brings error.  Dis-
missed.

*Haskell B. Talley,* for plaintiff in error.

*Wood & Witten,* for defendant in error.

RIDDLE, J.  On the 14th day of June, 1912, defendant
in error, William Berryhill, filed a petition in the county court
of Okmulgee county, alleging that on the 24th day of May, 1909,

he was a minor; that Harrison L. Berryhill was his guardian; that on said last-named date, his guardian filed a petition in said court for leave to lease certain oil lands described. Upon said petition an order was made, authorizing the guardian to lease said lands to the Ozark Oil Company, plaintiff in error, for a term of five years from the date of the approval thereof by the Secretary of the Interior, and as much longer thereafter as oil or gas might be found in paying quantities; that on said day the guardian made and returned his verified report of his proceedings, in which, among other things, he reported that he had entered into an oil and gas mining lease with the Ozark Oil Company for a period of time expiring with the minority of said ward; that the then judge of the county court relied upon the recitals in said report, and was induced thereby to believe that said lease was in accordance with the terms of said report; that said judge was misled, deceived, and induced to sign and cause to be entered an order confirming said lease. He prayed that the order of confirmation be immediately set aside, on the following grounds: (1) That it was erroneous and not in conformity with the report of the guardian; (2) because it was fraudulently obtained; (3) for the reason that said confirmation was not the order intended to be entered by the court, and was not in fact the order of the court. To this petition, plaintiff in error filed its demurrer to the jurisdiction of the court, which demurrer was overruled. It then filed its answer. Upon the issues joined, a trial was had to the court, and on the 28th day of March, 1913, judgment was rendered in favor of plaintiff, modifying the order theretofore entered by the court, making said order read "that said lease should run from the 24th day of March, 1909, for a period of time expiring with the minority of said ward." From this order, plaintiff in error prosecutes this appeal, seeking to review said proceedings in this court. Defendant in error has filed his motion to dismiss this proceeding, for the reason that this was an order made in a probate proceeding, and that under the Constitution and laws of this state an appeal could only be prosecuted to the district court, and that this court is without jurisdiction to entertain the appeal. It is undisputed that William

Berryhill reached his majority on June 14, 1912. Plaintiff in error contends that the court below had no jurisdiction to entertain said proceeding, in that it was in the nature of a proceeding to quiet title to real estate; that it was a proceeding to vacate a lease theretofore made and approved by the county court, and constituted a regular suit, and was not a proceeding in probate; hence the county court had no jurisdiction over the subject-matter or the parties to the action.

The question presented for our determination is: Was the proceeding had in the county court one in probate under the jurisdiction of the probate court? If it was, then this court would have no jurisdiction to review the judgment of the county court in said matter. Under the provisions of the Constitution, an appeal to review judgments and orders in probate matters could only be prosecuted to the district court. On the other hand, if this was not a probate proceeding, but was an ordinary action, instituted for the purpose of canceling the lease in question, then the county court was without jurisdiction, and although the judgment or order may be void, yet an appeal will lie to this court for the purpose of causing said judgment to be vacated. It is unquestionably the law that the county courts of this state have full control and jurisdiction of all probate matters, and may at any time prior to the majority of any minor, whose estate is involved in any proceeding pending in said court, upon proper notice and for legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor. It will be noted that the petition filed in the county court in this matter was filed by William Berryhill after he became of age. His guardian was not a party to said proceeding. In his petition in said court he alleged certain reasons why the lease contract should not have been entered into by and between his guardian and plaintiff in error, and prayed that the same should be modified or canceled. Over objection of plaintiff in error, a trial was had to the court, resulting in a judgment modifying, and in effect canceling, said lease contract. From an examination of the case-made herein, it appears that a regular trial was had in the county court under such pleadings as would ordinarily be filed in the

district court for the purpose of canceling an instrument. It must be remembered that the county court is a court of limited jurisdiction, and has only such jurisdiction as is conferred upon it by the Constitution and laws of this state.

In the case of *In re Bolin's Estate et al.*, 22 Okla. 851, 98 Pac. 934, Mr. Justice Turner, speaking for the court, said:

"The jurisdiction of the courts of probate is not inherent. 9 Enc. Pl. & Pr. 953. Such courts are purely creatures of statute, with certain limited statutory powers which must be strictly construed. Whenever they exceed the bounds of their statutory power, their acts to that extent are void."

See, also, *Austin et al. v. Chambers et al.*, 33 Okla. 40, 124 Pac. 310; *Crump et al. v. Pitchford*, 24 Okla. 808, 104 Pac. 911.

The county courts of this state have only such power to review or vacate their orders as is conferred upon said courts by sections 5267 and 5275, Rev. Laws 1910. From an examination of those sections, it will be seen that authority is not conferred to the extent contended for in this case. After the county court had authorized the guardian to execute the lease in question and had entered judgment approving the execution of such lease, the same was approved by the Secretary of the Interior. Said lease provided that it should run for a period of five years and so long thereafter as oil and gas might be found in paying quantities. If the lessor, after he became of age, could, by instituting proceedings in the county court, confer jurisdiction and cause the cancellation of said lease, then such proceeding might be instituted by him one year or five years after reaching his majority, and there would be just as sound reason for holding that the county court would have jurisdiction in the latter instance as in the first. Or, to state it another way: If the county court had jurisdiction to entertain this proceeding after the minor had arrived at majority, in a suit in his own name, then there would be no reason why it would not have jurisdiction, had the defendant waited five or ten years after arriving at his majority before instituting this suit to cancel said lease. We are of the opinion that the proceeding instituted in the county court was not a probate proceeding, as contemplated by the statute and laws of this state, and that

the county court had no jurisdiction to entertain said proceeding and to render the judgment which it did render, and that said proceeding and judgment are void.

The proceeding in this court is hereby dismissed, with direction to the county court to enter an order vacating and setting aside the judgment attempted to be rendered, and to dismiss said proceeding.

All the Justices concur.