### In re SOUTHERN OIL CORP.

No. 8278—Opinion Filed Nov. 6, 1917.

(168 Pac. 826.)

**Courts—Jurisdiction of County Court—Appeal.**

A petition to be allowed to withdraw the successful bid made at a sale in open court by a guardian of oil and an oil royalty belonging to his ward's estate, upon the ground that fraud had been practiced by such guardian in his statements made to such bidder as to the quantity of such oil and royalty, and to have refunded a deposit of money made with the court incident to such bid, such sale being made pursuant to an order of the county court having jurisdiction of such minor's estate, is a probate matter within the jurisdiction of such county court, and from the action of such county court upon such petition an appeal lies to the district court.

(Syllabus by Collier, C.)

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Petition by Southern Oil Corporation for leave to withdraw its bid for royalty oil and to recover an amount deposited by it with its bid. Petition denied by county court, petitioner's appeal to district court dismissed, and the petitioner appeals. Reversed and remanded, with instructions.

Randolph, Haver & Shirk, Turner & Turner, and Elton B. Hunt, for appellant.

Claude A. Niles, for appellee.

Opinion by COLLIER, C. Anna Lila McIntosh, a minor, owned an allotment of valuable oil land in the Cushing oil field, which lands had been leased by authority of the probate court of McIntosh county for the usual one-eighth royalty. Thereafter the said guardian filed his petition in the county court of McIntosh county to authorize him to sell the royalty interest of the said minor for a period of one year, and was granted authority so to do by said court, and said royalty interest was sold at public auction in open court, and the Southern Oil Corporation was the successful bidder therefor.

In accord with the said terms of the bidding announced by the court, the said corporation deposited $1,000 with the court to insure the execution of the contract and bond provided for in the terms of the bidding so announced by the court. The said corporation was tendered a form of contract and bond in accord with the terms of the bidding which it declined to execute, and thereafter filed its petition asking that it be "permitted to withdraw its bid for said royalty oil and storage oil; that the order awarding said royalty oil to the petitioner (if any such order was entered in this court) be vacated and set aside and held for naught and the $1,000 deposited by your petitioner with this court be forthwith returned to your petitioner, and that your petitioner be permitted to reserve for settlement by a proper suit the right of the petitioner to recover damages against the above named guardian for the injuries to this petitioner by reason of the wrongs of the said guardian," on the ground that fraudulent representations had been made to said corporation as to the quantity of oil in storage and the production from said leased lands.

Said petition was heard and denied by the said county court, and from the action of said county court upon said petition, an appeal was duly perfected to the district court of McIntosh county. Said appeal coming on to be heard in the said district

court, the same was, upon motion of the guardian, dismissed upon the following grounds:

"* * * That the matters involved did not relate to and are not within the jurisdiction of the county court of McIntosh county, and hence the district court has no jurisdiction to entertain the appeal from the county court."

To which order of dismissal the said Southern Oil Corporation duly excepted and prosecutes this appeal to this court.

The material propositions involved in this appeal are: Was the subject-matter of the petition to cancel the bid of petitioner a probate matter? and, second, did the said court have jurisdiction to permit said corporation to withdraw its bid, and to revoke its order approving such bid, if any was made, as to which the record is silent? If these propositions are answered in the affirmative, then there can be no question of right of appeal of said corporation to the district court from the action of the county court of McIntosh county on the petition to be allowed to withdraw its bid for the purchase of said oil interests, and to have refunded the deposit made.

Section 13, of article 7 of the Constitution, provides:

"The county court shall have the general jurisdiction of a probate court, * * * and * * * transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlement, partition, and distribution * * * thereof."

We are therefore of the opinion, and so hold, that the matter of permitting said corporation to withdraw its bid and revoking any order that may have been made awarding the purchase of the oil to said corporation was a probate matter, and the county court of McIntosh county had jurisdiction thereof; the petition therefor having been filed in the same case in which the bid was made and awarded. In Barnett et al. v. Blackstone Coal & Mining Co., 60 Okla. 41, 158 Pac. 588, it is held:

"The county courts of this state have full control and jurisdiction of all probate matters, and may at any time, prior to the majority of any minor whose estate is involved in a proceeding pending in said court, upon proper notice and for legal grounds, modify or vacate any order or judgment made by said courts regarding the estate of said minor."

Suppose there had been collusion between the successful bidder and the guardian as

to the sale of said oil interests which, if permitted to stand, would result in a sacrifice of the ward's interest. Can it be said that a proper petition to cancel such bid and revoke any order approving the same was not a probate matter within the jurisdiction of the county court? We think not, and are unable to see any reason why if the county court should have jurisdiction in the supposed case, that it did not have jurisdiction in the instant case.

As to whether or not the action of the said county court in declining to cancel the bid and revoking any order that may have been made in the premises was justified, we entertain and intimate no opinion.

This cause is reversed and remanded, with instruction to the trial court to set aside the order dismissing the appeal from the county court of McIntosh county, and to proceed to try the appeal in accord with the views expressed in this opinion.

By the Court: It is so ordered.