Twin State. Oil Company filed its petition in the county court of Nowata county, praying an order directing Joseph T. Johnson, as guardian of Callie M. *Page 175 
and John W. Johnson, minors, to repay to petitioner the sum of $1,600, bonus paid for oil leases upon the lands of said minors, and suggesting removal of said Johnson as guardian. After issues were joined the matter was heard by the county court, and a decree was entered ordering said guardian to repay petitioner the sum prayed. Thereafter said guardian filed motion to vacate and set aside this judgment, which was sustained; but the court made certain findings of facts, from which the guardian appealed to the district court, which latter court held that the county court had no jurisdiction to order the guardian to pay to Twin State Oil Company the sum demanded, and further held that on appeal the district court was likewise without jurisdiction to enter such order. From the judgment of the district court Twin State Oil Company prosecutes error.
It is urged that the district court acquired no jurisdiction, and therefore the order of the county court entered on the 13th day of December, 1913, directing the guardian to repay to Twin State Oil Company the sum prayed is still valid and subsisting order and judgment. The contention of plaintiff in error is that the county court had no jurisdiction after the term to modify its order directing the guardian to pay the money to Twin State Oil Company except by petition regularly filed, upon which summons should be issued and served as provided by Revised Laws, §§ 5035 and 5037. This is upon the theory that as to probate matters the county court is governed by the limitation upon its authority, after the term at which a decree is rendered, to the same extend and in like manner as in civil cases; but such is not the rule.
It is now well settled that county courts of this state have full control and jurisdiction of all probate matters, and may at any time prior to the majority of the minor whose estate is involved in any proceeding pending in said court, upon proper notice and for sufficient legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor. Ozark Oil Co. v. Berryhill, 43 Okla. 523 143 P. 173: Morris et al. v. Sweeney, 53 Okla. 163, 155 P. 537. The county court directed said guardian to enter into a good and sufficient bond to Twin State Oil Company in the sum of $500, conditioned as required by law. The guardian prosecuted an appeal without giving bond. The county court refused to send up the record because the bond had not been given, and upon application of said guardian the district court entered an order directing that the paper and records be sent up to the district court.
The conditions upon which a guardian may appeal are prescribed by statute, and section 5276 expressly declares that guardians, who have given bond with sureties according to law, are not required to give an undertaking on appeal or proceedings in error, and the county court could not impose conditions upon the right of appeal which the statute did not anthorize, and the district court had the power, and it was its duty, to require that the paper and records be sent up when the other conditions of the appeal had been complied with. Section 6516, Rev. Laws 1910; In re Folsom's Estate, 57 Okla. 79,159 P. 751.
The district court did not err in holding that the county court had no jurisdiction to order said guardian to restore the consideration paid for said leases. The grounds upon which this relief was sought were that at the time the lease to Twin State Oil Company was executed there was then in existence a prior lease upon the lands, and that the guardian falsely and fraudulently represented to the county court, in order to induce that court to approve the lease executed to Twin Oil Company, that said prior lease was subject to cancellation and forfeiture for failure of the lessee therein to comply with the terms thereof. The lease to Twin State Oil Company was approved and confirmed by the court, and the consideration therefor was paid over to the guardian. It is generally held that probate courts, in the absence of statutory provisions conferring that authority, do not possess the power to set aside a judgment or decree confirming a sale of property of the estate of a minor or deceased person after the expiration of the term at which it was rendered, or after conveyances have been executed and the consideration thereof paid; and if any equitable grounds exist whereby the purchaser ought to be relieved from paying the amount of his bid, or by reason of which he would be entitled to have the sale set aside and recover the money paid, such relief may be obtained in a court exercising equitable juurisdiction. State v. Probate Court, 33 Minn. 94 22 N.W. 10; Davis v. Stewart, Adm'r, 4 Tex. 223; Young v. Shumate, 3 Sneed (Tenn.) 369; Evans v. Singeltary, 63 N.C. 205; State v. Second Jud. Dist. Court, 24. Mont. 1, 60 P. 489; 2 Woerner's Am. Law Adm'r 1150. See, also, Succession of Joseph Anger, 38 La. Ann. 492; Carter v. Waugh et ux., 42 Ala. 452.
The county courts of this state are courts of limited jurisdiction, and have only such jurisdiction as is specifically granted by section *Page 176 
12, art. 7, of the Constitution, and by acts of the Legislature which are in harmony with such constitutional provisions. Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 P. 173; In re Bolin's Estate, 22 Okla. 851, 98 P. 934; Austin v. Chambers,33 Okla. 40, 124 P. 310; Crump v. Pitchford, 24 Okla. 808,104 P. 911.
The jurisdiction to cancel orders and judgments of the county courts of this state, fraudulently obtained, is possessed by the district and superior courts, which are courts of general jurisdiction, possessing inherent powers of a court of equity. Leonard v. Childers, 67 Okla. 222, 170 P. 247; Brown v. Trent, 36 Okla. 239, 128 P. 895; Johnson v. Filtsch,37 Okla. 510, 138 P. 165; Elrod v. Adair, 54 Okla. 207, 153 P. 660.
In Ozark Oil Co. v. Berryhill, supra, Berryhill filed a petition in the county court on the date he reached his majority, praying for a modification, and, in effect, the cancellation, of a lease executed when he was a minor by his guardian, on the ground that the lease had been obtained by misrepresentation. It was held that the county court was without jurisdiction to entertain the proceedings and render the relief prayed. In Barnett v. Blackstone Coal Mining Co.,60 Okla. 41, 158 P. 588, the guardian of Birdie Barnett, a minor, executed a lease to Blackstone Coal Iron Company upon the lands of said minor, and afterwards the the acting guardian of said minor filed a petition in the county court of Muskogee county, praying the court to set aside the lease upon the ground that the company had not done a reasonable amount of development work upon the premises, and to authorize him to lease the land to others. The prayer was denied, but, upon appeal to the district court, the action of the county court was reversed, from which judgment error was prosecuted to this court, and the judgment to the district court affirmed. The conclusion in that case, we think, is wrong, and should be disapproved, and said opinion in so far as it is in conflict with the views herein expressed, is hereby overruled. In Morris et al. v. Sweeney et al., 53 Okla. 163, 155 P. 537, it was held that the county court, under the provisions of section 6388, Rev. Laws 1910 had the authority to set aside an order of a confirmation, and order a resale of the property, where the purchaser at the guardian's sale failed to comply with the terms of the same. In Re Southern Oil Corporation,66 Okla. 219, 168 P. 826, it Was held that the county court might, upon petition therefor, allow a successful bidder to withdraw the bid made at a sale in open court by a guardian of oil and oil royalty belonging to his ward's estate, upon the ground that fraud had been practiced by such guardian in his statements made to such bidder as to the quantity of such oil and royalty, and to have refunded a deposit of money made with the court incident to such bid. In the last-cited case it does not appear that the sale had been confirmed and a conveyance executed pursuant to the order authorizing the same nor the amount of the bid paid to the guardian. In none of the cases cited is authority found for the proposition that the county court may set aside a sale and order a refund of the consideration paid after confirmation of sale and execution and delivery of proper conveyances except the case of Barnett v. Blackstone Coal Mining Co., supra. The county court had no jurisdiction in this proceeding to determine whether the prior lease was still a valid and subsisting lease, nor did it have jurisdiction to vacate and set aside the lease of Twin State Oil Company, which in effect it did in its original order, when it directed the guardian to repay the consideration received therefor. The grounds upon which a return of this money was sought were of purely equitable cognizance, and the relief demanded could only be obtained in the district court in appropriate proceedings brought for that purpose. Marston v. Paulding et al., 10 Paige (N.Y.) 40.
The judgment of the district court is affirmed.
KANE, J. absent.