## STERLING v. BOUCHER.

No. 11247—Opinion Filed July 6, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Procedure—Petition in Error.**

The proceedings to obtain a reversal of a judgment of a trial court shall be by petition in error filed in the Supreme Court setting forth the error complained of. Section 1, ch. 219, Sess. Laws 1917, amending section 5238, Rev. Laws 1910.

2. **Same—Failure to File Petition in Error —Dismissal.**

A petition in error is jurisdictional, and, on failure to file the same, this court will dismiss the appeal.

Error from District Court, Marshall County; George S. March, Judge.

Action by J. A. Boucher against W. G. Sterling to quiet title to certain lands in Marshall county, Oklahoma. After judgment for plaintiff, defendant secured an order granting a new trial. From this order, plaintiff attempts to appeal. Dismissed.

Mathers & Coakley, for plaintiff in error.

Geo. Trice, E. T. Hurt, and A. A. Kelly, for defendant in error.

KANE, J. Motion of the party designated plaintiff in error, but who in fact is defendant in error, to dismiss sets up failure to give notice of appeal in the district court as provided by section 1, ch. 219, Sess. Laws 1917, amending section 5238, Rev. Laws 1910; failure to give notice of the time and place to settle and sign case-made, and signing and settling case-made before the expiration of the time allowed for suggesting amendments thereto (Harkins v. McPhail, 77 Okla. 162, 187 Pac. 222; Guymon Electric Light & Power Company v. Spears, 73 Oklahoma, 175 Pac. 347); and improper designation of parties on appeal.

From an examination of the record and the docket of this court, it further appears that no petition in error has been filed. A proceeding to obtain a reversal, vacation, or modification of any order or judgment of a trial court shall be by petition in error filed in this court setting forth the error complained of. Section 5238, Rev. Laws 1910, supra. This court will not consider any errors except those assigned or specified. Hopley, Treasurer, etc., v. Benton, 38 Okla. 233, 132 Pac. 808; 3 C. J., sec. 1462, and cases cited therein.

A petition in error is jurisdictional. If there is no assignment of error at all, this court will of course dismiss the appeal. De Vitt et al. v. City of El Reno et al., 28 Okla. 315, 114 Pac. 253; Manuel v. White, 5 Okla. 736, 50 Pac. 87.

For the reasons stated, the case is dismissed.

RAINEY, C. J., HARRISON, V. C. J., and PITCHFORD, JOHNSON, and McNEILL, JJ., concur.