Earler Jackson, plaintiff in error, commenced this proceeding in the county court of Okmulgee county against M.E. Porter and A.L. Watson by filing her petition attacking the validity of a guardianship sale made by M.E. Porter, as the legal guardian of the petitioner, wherein the said M.E. Porter, as guardian, conveyed 80 acres of the allotment of the petitioner, who was a Creek freedwoman citizen, enrolled as such opposite roll No. 5218 upon the approved rolls of the members of the Creek Tribe of Indians.
The guardianship deed was executed pursuant to the order of the probate court confirming the sale, and conveyed the lands to A.L. Watson, as purchaser at the guardianship sale. The petitioner attacks the validity of the sale upon numerous grounds, to wit: That the county court was without jurisdiction to order the sale of the real estate; that a proper petition was not filed showing the necessary reasons for the sale; that a hearing on the petition for the sale was not had as required by law; that proper notice of sale was not given; that the court was without jurisdiction to confirm the purported sale; that fraud was practiced by the guardian in colluding and conspiring with the purchaser that the sale be made for the special benefit of the guardian; that the sale of the real estate made is a fraud upon the rights and interests and the title of the petitioner to the real estate. The petitioner prayed the judgment of the court decreeing the sale and order of confirmation be declared null and void, and for order canceling, setting aside, and holding for naught the guardian's deed, for cost, and for such other and further relief as is just, right, and equitable. The petition alleged that the petitioner, according to the enrollment record, because of age on Marell 19, 1919, the petition being filed in the county court of Okmulgee county, October 27, 1919, being filed about six months subsequent to the petitioner's obtaining her majority, a transcript of the probate proceedings under which the sale was made being attached as exhibits to the petition of the petitioner.
A citation was issued directed to M.E. Porter and A.L. Watson to appear in answer to the petition. Porter and Watson appeared and filed a motion attacking the jurisdiction of the county court of Okmulgee county sitting in probate upon the ground that the court had no jurisdiction over the subject-matter of the action as set forth in the petition. This motion was by the court sustained.
The petitioner, Earler Jackson, appealed from the judgment and decree of the county court dismissing her petition for want of jurisdiction to the district court of Okmulgee county. In the district court on appeal the same motion was presented by Porter and Watson to dismiss the petition for want of jurisdiction, which motion to dismiss was by the district court sustained and the petition of Earler Jackson dismissed for want of *Page 114 
jurisdiction. The petitioner, Earler Jackson, has appealed from the judgment of the district court of Okmulgee county and said cause is here for review. The petitioner, Earler Jackson, will be referred to as appellant; the respondents, M.E. Porter and A.L. Watson, will be referred to as appellees.
Numerous assignments of error are presented in the petition in error, but there is but one single question presented to this court for decision, and that is, Did the county court of Okmulgee county have jurisdiction of the proceedings, or was it vested with jurisdiction to grant the relief prayed for in the petition of the appellant? Section 11, art. 7, of the Constitution of Oklahoma provides: "There is hereby established in each county in this state a county court, which shall be a court of record . * * *" Section 12, art. 7, of the Constitution provides:
"The county court, co-extensive with the county, shall have original Jurisdiction in all probate matterts, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest; provided, that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office or in actions for slander or libel, or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called, in question; nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction. (Bunn's Ed., sec. 182.)"
The remainder of section 12, not herein set out, vested the county court, with appellate jurisdiction on appeal from judgment of justices of the peace in civil and criminal cases as might be provided by law or in the Constitution.
Probate courts, orphans' courts, and courts of similar jurisdiction are judicial tribunals that are said to be the offspring of the common law and are usually classed as courts of limited jurisdiction, but, as a rule, under the trend of modern decisions, such courts in the exercise of their probate jurisdiction are classed as courts of general jurisdiction; but the extent of the power and jurisdiction of probate courts depends upon the constitutional and statutory grant of power, The jurisdiction and authority of such courts are dependent in each particular state upon the constitutional and statutory provisions of the respective states. 15 C. J. 11011 and 11012.
It is clear from an examination of the record in this case that the subject of the action was to determine the title to that part of the allotment of the appellant which had been sold through a probate proceeding by her guardian to the appellee Watson. The petitioner sought, under the allegations of her petition, to have the title to the lands in controversy of the appellee Watson decreed invalid. This was not a probate proceeding, but was in the nature of a civil action to quiet the petitioner's title to the lands described in her petition. Me petition did not invoke the probate jurisdiction of the court. It was not a proceeding asking for the appointment of a guardian, the removal of a guardian, directing the guardian to make an accounting, appointment of an administrator or executor, probation of a will, or in any manner invoking the probate jurisdiction of the court on a probate matter. Under the provisions of section 12, art. 7, of the Constitution, supra, in plain and unambiguous language, jurisdiction is specifically withheld from the county court to determine any action or any matter wherein the title or boundaries to land may be in dispute or called in question. We have carefully examined the briefs filed herein by able counsel, and in addition made an independent investigation, in vain to find any authority where a probate court is vested with jurisdiction to cancel a deed or conveyance of real estate executed pursuant to an order of confirmation and delivered to the purchaser. The general rule, as stated in 15 C. J., par. 428, pg. 1016, is as follows:
"Although the jurisdiction of courts of probate primarily covers personal estate only and does not technically extend to real estate, they have certain powers in regard to real estate, and may order the sale of land to pay debts, or legacies, or to satisfy a mortgage lien or other incumbrance, or partition land according to the will, where no question of title is to be tried. A Probate court may set apart the homestead, since this does not change, transfer, or adjudicate upon the title, but the effect of such setting apart is to relieve the property from administration, and hence the court has no jurisdiction over the home-send thereafter. Such courts may also determine questions which affect rights of devisees, where the title to the real estate so affected is not put in issue."
The Supreme Court of Tennessee, in the case of Young v. Shumate, Ex'r, et al., 3 Sneed, 369, said: *Page 115 
"The jurisdiction of the county court, under the laws authorizing the sale by that tribunal of the estates of decedents, for partition, etc., is limited to the making and completion of the sale alone. After such sale has been completed, by confirmation of the report and vestiture of title in the purchaser, if any matter of equity exists, or should arise, entitling the purchaser to be relieved against the payment of the consideration money, resort must be had to a court of equity."
Other cases to the same effect are Bond v. Clay, 2 Read (Tenn.) 380; Porter v. Woodward, 4 Coldwell (Tenn.) 599; Davis v. Stewart, Adm., 4 Tex. 233; Lindsay v. Jaffray et al., 55 Tex. 626.
In the case of Lindekugal v. Probate Court of Sibley Caunty et al., 22 N.W. 10, the Supreme Court of Minnesota held that, when sale proceedings have culminated in an order confirming the sale and directing the execution of deed, in a proceeding attacking the validity of the title conveyed under the sale the probate, court was without jurisdiction to entertain the proceedings, as it involved title to the property, although, probate courts in the state of Minnesota were vested with general and exclusive jurisdiction in probate matters. The rule announced in this case was approved by the same court in the case of Wilson v. Erickson, 180 N.W. 93.
The decisive question in this case appears to us to have been settled by this court in a few well-considered decisions.
In the case of Ozark Oil Co. v. Berryhill, 43 Okla. 523,143 P. 173, this court held that the petitioner, Willie Berryhill, was not entitled to have the order confirming an oil and gas lease made by his guaring vacated or modified, for the reason the effect of the same would be to cancel and modify the lease executed in pursuance of the order of confirmation and that the county court, sitting as a court of probate, had no such jurisdiction.
In the case of Austin et al. v. Chambers et al., 33 Okla. 40,124 P. 310, this court held:
"The district courts of the state have jurisdiction of actions in ejectment and of actions to remove cloud from title; and the county courts of the state have no jurisdiction of such actions, for the reason that they call into question or dispute title to real estate."
In the case of In re Johnson et all. (Twin State Oil Co. v. Johnson et al.), 72 Oklahoma, 179 P. 605, the doctrine announced in the case of Ozark Oil Co. v. Berryhill, supra, was affirmed, and in a very able opinion by Hardy, C. J., it was held:
"It, is generally held that probate courts, in the absence of statutory provisions conferring that authority, do not possess the power to set aside a judgment or decree confirming a sale of property of the estate of a minor or deceased person after the expiration of the term at which it was rendered, or after conveyances have been executed and the consideration therefor paid; and that if any equitable grounds exist, whereby the purchaser ought to be relieved from paying the amount of his bid, or by reason of which he would be entitled to have the sale set aside and recover the money paid, such relief may be obtained in a court exercising equitable jurisdiction. State v. Probate Court, 33 Minn. 94, 22 N.W. 10; Davis v. Stewart, Adm'r. 4 Tex. 223; Young v. Shumate, 3 Sneed (Tenn.) 369; Evans v. singletary, N.C. 205; State v. Second Jud. Dist. Court.24 Mont. 1, 60 P. 489; 2 Woerner's Am. Law Adm'r, 1159. See, also, Succession of Joseph Anger, 38 La. Ann. 492; Carter v. Waugh et ux., 42 Ala. 452."
The petition filed by the appellant hi this cause shows, that the petitioner had, prior to the institution of this proceeding and the filing of his petition, attained her majority. Section 3339 of the Revised Laws of 1910 provides:
"The power of a guardian appointed by court is suspended only; First. By order of the court. Second. If the appointment was made solely because of the ward's minority, by his obtaining majority. Third. The guardianship over the person only of the ward, by the marriage of the ward."
Clearly, under the provisions of the above statute, the probate jurisdiction of the probate court of Okmulgee county, after the petitioner had attained her majority, had terminated, and the only probate jurisdiction, which the county court of Okmulgee county was vested with and retained was authority to require a final accounting by the guardian and enter a discharge of the guardianship proceedings. 21 Cyc. 50; In re Kincaid's Estate (Cal.) 52 P. 492; Jones v. Jones,91 Ind. 378; State v. Horton (Mo.) 74 S.W. 1117.
The appellant contends that if the county court, exercising its probate jurisdiction, is without authority to hear and determine this proceeding, the appellant is without a remedy and has been deprived of her property without due process of law. There is no merit in this contention. If the proceedings are absolutely void, the appellant *Page 116 
may maintain an ejectment action in the district court for of possession of the premises, and, if the appellee pleads her title by reason of the probate sale, and it appears that the contention of the appellant is true that the title is void, the appellant has the right to attack the same in such an action for the reason that a void sale is subject to a collateral attack; but if the sale is merely voidable and the appellant is entitled to the recovery of the lands upon equitable grounds, the district courts of this state are vested with jurisdiction, being courts of general equitable jurisdiction, to grant the appellant such relief as, she may be entitled to under the facts as they appear from the evidence. In the case of In re Johnson et al., supra, this court held:
"The jurisdiction to cancel orders and judgments of the county courts of this state, fraudulently obtained, is possessed by the district and superior courts, which are courts of general jurisdiction, possessing inherent powers of a court of equity. Leonard v. Childers, 67 Okla. 222, 170 P. 249; Brown v. Trent, 36 Okla. 239, 128 P. 895; Johnson v. Filtsch,37 Okla. 510, 138 P. 165: Elrod v. Adair, 54 Okla. 207,153 P. 660."
The appellant contends that this proceeding is authorized under sections 5267 to 5275, inclusive, of the Revised Laws of Oklahoma, and said statutes confer upon the probate court authority to entertain this proceeding. It is true, the Supreme Court of the state of Kansas has held that the provisions of their Code of Civil Procedure providing the manner and time in which the district courts of that state have power to vacate or modify their own judgments; or orders at or after the terms at which such judgments or orders were entered, under a provision of the Code making such provisions of the Code applicable to all of the courts of record in the state — that the provisions of its Code governing the procedure for the vacation and modification of judgments and orders are applicable to probate courts, the same being courts of record. Wolfley v. McPherson (Kan.) 59 P. 1054; Commercial State Bank v. Ross (Kan.) 133 P. 538; In re Osborn Estate (Kan.) 161 P. 601. And this court, in the case of Ozark Oil Co. v. Berryhill, supra, held:
"It is unquestionably the law that the county courts of this state haw, full control and jurisdiction of all probate matters, and may, at any time prior to the majority of any minor whose is involved in any proceeding pending in said court, upon proper notice and for legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor."
And in Re Hickory's Guardianship, 75 Okla. 75, 182 P. 233, this court held:
"In a sale of real estate, prior to passing of title guardian to a purchaser, all judgments and orders made in reference thereto sleep in the bosom of the court, and may, upon proper notice, and for sufficient reasons, be modified vacate or set aside until title passes."
So we conclude, that even in the absence of statutory authority, the county courts, in the exercise of their probate jurisdiction, have the authority to modify an order or decree, under the general rule that courts of general jurisdiction have inherent power to correct their judgments, orders, and decrees upon the proper showing; but this authority and power is qualified in this state by section 12, article 7, of the Constitution, denying the county courts of this state jurisdiction to entertain proceedings involving the title to real estate.
Section 5275 of the Revised Laws of 1910 provides as follows:
"The provisions of the article shall apply to all the courts of record of the state so far as the same may be a applicable to the judgments or final orders of such courts."
Under said section, supra, art. 25, c. 60, of the Civil Code of Procedure is only made to apply to all of the courts of record of the state in so far as the same are applicable to proceedings to vacate or modify the judgments and orders of such courts, and can only be invoked or relied upon to justify a proceeding where, under the provisions of the various sections of article 25, c. 60, the same are applicable; but unquestionably there cannot be anything found in said article to extend or change in any way the limitations placed upon the jurisdiction of the county courts of this state by the Constitution.
Sections 5967 to 5275, inclusive, of art. 25, c. 60, of said Civil, Code were by section 5267 made specifically applicable to the district courts, providing for the review, vacation, and modification of their judgments, orders and decrees. Superior courts having been created in this state, which were vested with civil and criminal jurisdiction, and the county courts in this state being courts of record exercising genenal probate jurisdiction and limited civil and criminal jurisdiction by section 5275, supra, the provisions of article *Page 117 
25, c. 60, were made to apply to all of the courts of record of the state in so far as the same may be applicable to the judgments or the final orders of such courts; but nowhere under the provisions of said article 25, c. 60, of said Code may be found any authority vesting the probate courts of this state with jurisdiction to try civil actions wherein the title so real property may be called in question or is involved, but, as was held in Re Hickory's Guardianship, 75 Okla. 75,182 P. 233, the probate courts of this state, prior to the passing of title by guardian to purchaser, have jurisdiction, upon proper notice, to modify or vacate their orders and decrees when sufficient reasons exist, and this jurisdiction is not altogether dependent upon any statutory provisions, but is an inherent power vested in all courts of general jurisdiction.
The Supreme Court of the state or Ohio in the case of Johnson, Executor, et al. v. Johnson et al., 26 Ohio St. 357. held that similar provisions of the Ohio Code to those found in article 25, c. 60, of the Code of Oklahoma had no application to probate procedure, but were only applicable to the other courts of the state other than the court of common pleas or district court exercising civil jurisdiction, and it appears that the provisions of our Code found in article 25. C. 60, would be peculiarly applicable to all of the courts of record in this state exercising civil jurisdiction, but, as was held by the Supreme Court of Kansas, the provisions found in said article 25, c. 60, may in some instances, be applicable in a probate proceeding and operate as a limitation as to Cie time within which application for the modification or vacation of judgments or orders may be made, but under no method or rule of construction may the same be made to vest the probate courts with jurisdiction to try an action or proceeding where the title to real property may be involved or called in question.
In a guardianship sale, made pursuant to a decree of the probate court, upon the execution and delivery of the guardian's deed title passes to the purchaser at the sale. The title does not pass upon the confirmation of the sale, but only after the execution and delivery of the deed. 21 Cyc. 139; Scarf v. Aldrich (Cal.) 32 P. 324; Doe v. Jackson, 51 Ala. 514; Wade v. Carpenter, 4 Iowa, 361; Richmond v. Gray, 3 Allen (Mass.) 25.
The fundamental error in the contention of the appellant in this cause is the failure to observe the distinction between a civil action and a probate proceeding Section 4644, Revised Laws of 1910, defines "action" as follows:
"An action is an ordinary proceeding in a court of justice by which a part or prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense"
Section 4645, Revised Laws of 1910, defines a special proceeding to be:
"Every other remedy is a special proceeding."
Section 4646, Revised Laws of 1910 classes actions as follows:
"Actions are of two kinds: First, civil second, criminal."
Section 4647, Revised Laws of 1910, defines a criminal action, and 4648. Revised Laws of 1910, provides that:
"Every other is a civil action."
A probate proceeding has been defined as follows:
A probate proceeding is one to contest the validity, as a will, or a paper which bad been admitted to probate as such, as much as a proceeding Instituted to have a paper probated as a will. Franks v. Chapman, 61 Tex. 576, 579.
"The term 'proceeding' is used in the Probate Code as a general designation of the actions and proceedings whereby the law is administered upon the various subjects within probate jurisdiction. Words and Phrases, p. 5637."
It is obvious from a reading of the above sections of our statutes that there exist in this state only two kinds of actions, a civil and a criminal, and every other proceeding is by the statute designated a special proceeding; therefore, there is no escape from the conclusion that, the petition in the case at bar states, a civil cause of action, and being a civil cause of action involving title to real estate, the probate court in the exercise of its probate jurisdiction is without jurisdiction to entertain the action.
The Supreme Court of California, in the case of Smith et al. v. Westerfield et al., 26 P. 206, in construing a statute identical with section 4644, Revised Laws of 1910, supra, held a proceeding to determine heirship to be a special proceeding authorized under section 1664, of *Page 118 
the Code of Civil Procedure of California, and that the superior courts of California were courts of general jurisdiction in probate matters, but in the exercise of their probate jurisdiction had only such powers as were given by statute; the language of the court in the being as follows:
"The superior court, while sitting its a court, of probate, has only such powers as are given it by statute, and such incidental powers as pertain to all courts for the purpose of enabling them to exercise the jurisdiction which is conferred upon them. Although it is a court of general jurisdiction, yet in the exercise of these powers its jurisdiction is limited and special; and whenever its acts are shown to have been in excess of the power conferred upon it, or without the limits of this special jurisdiction, such acts are nugatory, and have no binding effect, even upon those, who have invoked its authority, or submitted to its decision."
There is no controversy in this jurisdiction as to the county courts of this state being courts of limited civil jurisdiction under the Constitution, and when an action is commenced in a county court of this state which, according to the pleading filed and the relief sought by the pleading, is under section 4644, Revised Laws of 1910, supra, an ordinary civil action, the jurisdiction of the county court to determine the action must be determined under section 12, art. 7, of the Constitution of this state.
Counsel for the appellant insist that this proceeding, is authorized under section 6583, Revised Laws of 1910, which is as follows:
"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."
It appears that the said section, supra, was, taken from the Dakota statute, and we have been unable to find any decision construing said section, but the section is, identical with section 1806 of the Probate Code of California, and the Supreme Court of California has construed section 1806 to be only an ordinary statute of limitation. Reed et al. v. Ring et al. (Cal.) 28 P. 851, 853; McNeil v. First Congregational Society of San Francisco (Cal.) 4 P. 1096, 1100; Burroughs et al. v. DeCounts, Ex'c, et al. (Cal.) 11 P. 734, 739.
It is plain that section 6583, Revised Laws of 1910 in no way affects or extends the jurisdiction of the county courts of this state, but only was intended to operate as a statute of limitation.
It is now clear that after the appellee Watson was delivered a guardian's deed, as directed by the court under his order of confirmation of the sale by Porter, the guardian of the appellant. In such an action as the one in the case at bar, wherein the appellant after attaining her majority seeks to vacate the order and confirmation of sale, and the cancellation of the guardian's deed, the only substantial question involved in the controversy Is the validity of the title such as was obtained by Watson under the terms of the probate sale, and such an action in all respects amounts to nothing more nor less than an action, to quiet the title of the appellant in the premises in the probate court, which court was specifically denied such jurisdiction by the Constitution. Having reached this conclusion, the Judgment of the trial court is affirmed.
PITCHFORD, V. C. J., and JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur. MILLER, J. dissents.