## STEIL v. MARSHALL et al.

No. 18696.　Opinion Filed May 8, 1928.

(Syllabus.)

1 Appeal and Error—Notice of Appeal—Order of Court as Evidence that Notice Given.

(a) Under section 782, C. O. S. 1921, a notice of intention to appeal to the Supreme Court is sufficient when given in open court within 10 days after judgment is rendered from which appeal is taken. (b) An order overruling an alleged unauthorized motion

for new trial and reciting the giving of such notice in such manner is sufficient affirmative evidence of the fact of such notice.

### 2. Guardian and Ward—County Court Without Jurisdiction to Set Aside Guardian's Sale After Delivery of Deed.

The county courts of this state are without jurisdiction to vacate or set aside a decree of sale, order of confirmation, or guardian's deed after the sale has been completed and delivery of the guardian's deed executed pursuant to the order of the court confirming such sale.

Error from District Court, Wagoner County; W. J. Crump. Judge.

In the matter of the guardianship of Andrew Marshall, minor. Proceeding by the minor by guardian and next friend, B. A. Randle, to surcharge former guardian, M. F. Steil, for improper expenditures of funds. From adverse judgment in district court upon appeal from county court, Steil brings error. Affirmed.

W. O. Rittenhouse, for plaintiff in error.

Leahy & Brewster and Watts & Broaddus, for defendants in error.

RILEY, J. The defendant in error, as plaintiff in the county court, sought to surcharge the defendant, his former guardian, with the sum of $397.16, and interest, alleged to have been illegally expended. The judgment of the county court was for defendant. On appeal to the district court, judgment was rendered for plaintiff and against defendant surcharging him as guardian with the sum of $397.16, and interest from September 3, 1912, in the total sum of $742.55, and costs. From the judgment of the district court, this appeal is perfected.

Appellee denies jurisdiction of this court under the contention that notice of appeal was not given as required by section 782, C. O. S. 1921, whereby such notice is required to be given for appeal in open court at the time of judgment or within ten days thereof. Calender v. Hopkins, 97 Okla. 41, 222 Pac. 672; Hensley v. State, 121 Okla. 47, 247 Pac. 376; Cates v. Miles, 67 Okla. 192, 169 Pac. 888; Holbert v. Patrick, 72 Okla. 25, 177 Pac. 566; Sterling v. Boucher, 79 Okla. 32, 190 Pac. 1090.

We find, however, that appellant filed a motion for new trial, and in the journal entry overruling motion for new trial it is recited that the defendant therein gave notice in open court of his intention to appeal to the Supreme Court.

The judgment surcharging was entered March 8, 1927. The motion for new trial was overruled on March 11, 1927. Appellee says that motion for new trial was unauthorized, unwarranted, and unnecessary, for the reason that the contested question of fact did not arise upon the pleadings, but upon an account filed in guardianship proceedings, and that consequently the notice shown to have been given immediately after the unauthorized motion for new trial was overruled by the order overruling said motion for new trial is not a compliance with the mandatory provisions of section 782, supra.

At least it affirmatively appears that notice of intention to appeal was given in open court within the ten days required by the statute.

This contention is without merit. However, see Butler v. Archard, 130 Okla. 241, 266 Pac. 1106.

In 1909, a previous guardian sold the allotment of Andrew Marshall to Margaret Grady, under order of the county court of Wagoner county, for the sum of $300. The purchase price was paid, the sale confirmed, the guardian's deed executed and delivered, and the purchaser went into possession, paid taxes, and made some improvements on the land. After a period of more than three years, and on September 7, 1912, Margaret Grady in the guardianship proceedings in the county court filed a petition asking that the sale be rescinded, tendering into court a quitclaim deed to the land and praying that restitution be made to her for taxes paid and the value of improvements made upon the land.

This guardian, M. F. Steil, had consummated a second sale of the lands for a price of $450, notwithstanding that the record title was in the name of Margaret Grady. In September, 1912, upon petition filed by Margaret Grady, the county court found that the proceedings for the sale of the land to Margaret Grady were defective and directed that she be refunded the purchase price, interest, payment of taxes, and value of improvements.

The minor, Andrew Marshall, became a resident of Muskogee county and a guardian was there appointed, who instituted this action on behalf of his ward in probate cause No. 606, county court of Wagoner county, wherein defendant M. F. Steil had acted as guardian for said minor.

There was a motion to set aside the order discharging Steil as guardian and for accounting. The allowance by the county court of the payment of $397.16 to Margaret Grady

is attacked on the ground that the court was without authority to allow said credit to said Steil, and surcharge as aforesaid is sought.

The defendant guardian relied upon the orders of the county court heretofore mentioned, and says that he acted by authority of such orders to receive the quitclaim deed and remove the cloud upon the title of his ward's land.

The minor replied, admitting the cloud cast upon his title by the deed to Margaret Grady, but denied that said Margaret Grady conveyed, quitclaimed, or released her title to the land until after the completion of sale proceedings by M. F. Steil as guardian.

The finding of the district court was that the county court was without jurisdiction or authority to authorize the payment of said sum of money and that the order directing the payment thereof was void, and of no effect, and that the said M. F. Steil was not entitled to credit for the payment of said sum of money as claimed in his final report.

From the judgment of the district court, M. F. Steil has perfected his appeal.

This is a proceeding in probate, the object of which is to surcharge the guardian for an improper expenditure of funds of the ward.

The appellant contends that the county court had jurisdiction to refund the purchaser at a guardian's sale after the guardian's deed had been executed, placed of record, and the purchaser had been in possession more than three years, whereas, the minor contends that the county court had no jurisdiction to entertain proceedings for restoration of the purchase price paid at guardian's sale when the sale has been confirmed and the guardian's deed issued. Further, that only a court of equity has jurisdiction to determine questions involving validity of title arising on the purchase of real estate after conveyance thereof to the purchaser.

A judgment, to be valid, must have been rendered by a court having jurisdiction. Judicial power to render the particular judgment is often classified as the third element essential to jurisdiction. Pioneer Mfg. Co. v. Carter, 84 Okla. 85, 202 Pac. 513; Lee v. Tonsor, 62 Okla. 14, 161 Pac. 804; Standard S. & L. Ass'n v. Anthony Wholesale Gro. Co., 62 Okla. 242, 162 Pac. 451; Roth v. Union National Bank, 58 Okla. 604, 160 Pac. 505.

A judgment is void when it affirmatively appears from the inspection of the judgment roll that any one of the jurisdictional elements is absent. Winona Oil Co. v. Barnes, 83 Okla. 248, 200 Pac. 981.

The county court had no statutory or inherent power to determine the validity of the sale proceedings, nor to authorize rescission, nor to award the repayment of the purchase price of the land. The county court in probate proceedings has no equity powers. The particular judgment of rescission and cancellation and determination of the invalidity of the title of Margaret Grady by reason of the guardian's deed was beyond the jurisdiction of the county court. The determination and orders thereunder were void and subject to attack at any time. Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 Pac. 231; Dawkins v. Peoples Bank & Trust Co., 117 Okla. 181, 245 Pac. 594.

A similar case in principle to the one at bar, wherein an oil lease was sought to be rescinded and the bonus recovered by lessee from the guardian upon the grounds of fraud on the part of the guardian, is Twin State Oil Co. v. Johnson, 72 Okla. 174, 176 Pac. 605. There the district court was sustained in dismissing the proceedings for lack of jurisdiction in the county court. This court said:

"The lease to Twin State Oil Company was approved and confirmed by the court, and the consideration therefor was paid over to the guardian. It is generally held that probate courts, in the absence of statutory provisions conferring that authority, do not possess the power to set aside a judgment or decree confirming a sale of property of the estate of a minor or deceased person after the expiration of the term at which it was rendered, or after conveyances have been executed and the consideration thereof paid; and if any equitable grounds exist whereby the purchaser ought to be relieved from paying the amount of his bid, or by reason of which he would be entitled to have the sale set aside and recover the money paid, such relief may be obtained in a court exercising equitable jurisdiction. * * *

"The county courts of this state are courts of limited jurisdiction, and have only such jurisdiction as is specifically granted by section 12. art. 7, of the Constitution, and by acts of the Legislature which are in harmony with such constitutional provisions. * * *

"The jurisdiction to cancel orders and judgments of the county courts of this state, fraudulently obtained, is possessed by the district and superior courts, which are courts of general jurisdiction possessing inherent powers of a court of equity."

We observe the sound principles of the

preceding case were approved and reaffirmed in Jackson v. Porter, 87 Okla. 112, 209 Pac. 430, where this court said:

"(b) After such sale has been completed by confirmation and a vestiture of title in the purchaser by delivery of deed, if any matter of equity exist, or should arise, entitling any interested party in the sale to be relieved from such sale, resort must be had in this state to the district court, a court of general equitable jurisdiction.

"(c) That an action to vacate such sale after confirmation and delivery of conveyance is a civil action, and not a probate proceeding."

Other jurisdictions with similar situations in probate courts have held in accord with the Oklahoma cases cited. Young v. Shumate, 3 Sneed (Tenn.) 369; Bond v. Clay, 2 Head (Tenn.) 380; Davis v. Steward, Adm'r, 4 Tex. 223; Lindsay v. Jaffray, 55 Tex. 726; Lindekugal v. Probate (Minn.) 22 N. W. 10; Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 Pac. 173.

In Austin v. Chambers, 33 Okla. 40, 124 Pac. 310, it was held the district courts of this state have jurisdiction of action to remove cloud from title, but no such jurisdiction is had by the county court, for it calls into question title to real estate.

Our conclusion is that the judgment of the district court must be, and the same is, affirmed, and in accord with the prayer of appellee, judgment is ordered to be entered upon the supersedeas bond filed herewith.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See under (1) 3 C. J. p. 1235, §1337; 4 C. J. p. 43, §1618. (2) 28 C. J. p. 1195, §343.