I dissent from the majority opinion of the court. The majority opinion proceeds upon the theory that by filing the petition in the county court of Okmulgee county to vacate the judgment. Earler Jackson was, attempting to invoke the civil jurisdiction of the county court; that by filing the petition she was commencing a civil action. This conclusion seems to be reached because in the prayer of the petition she asked to cancel the deed and asked that she have such relief as she might in equity be entitled to. It has been repeatedly held by the courts that the prayer of the petition is not a part of it. Excepting for the prayer of the petition it attacks the judgment on jurisdictional grounds and the ground of fraud, and clearly states facts which, if true, would render void the judgment of the probate court confirming the sale of the real estate in question.
This was not a civil action brought in the county court of Okmulgee county. The petition was styled: "In The Matter of the Guardianship of Earler Jackson, a, Minor, *Page 119 
No. 1744." A citation was issued as provided for in probate proceedings.
Revised Laws of Oklahoma of 11910 provides:
Section.6492. "Citations must be directed to the person to be cited, signed by the judge, and issued under the seal of the court, and must contain: First. The chapter (caption) of the proceeding. Second. A brief statement of the nature of tie proceeding. Third. A direction, that the person cited appear "at a time and place specified."
Section 6493. "The citation must be served in the same manner as a summons in a civil action."
Section 6494. "When a personal notice is required, and no mode giving. It is prescribed in this chapter, it must be given by, citation."
Section 6495. "When no other time is specifically prescribed in this chapter, citations must be served at least fire days before the return day thereof."
This was a proceeding brought in the court of original jurisdiction raising issues of fact to be tried. The object of the proceeding was to vacate a judgment rendered by that court.
Section 6497. "All issues of facts joined in the county court must be tried by said court, and in all such proceedings, the party affirming is plaintiff, and the one denying or avoiding is defendant. After the hearing, the court shall give in writing the findings of fact and conclusions of law, and judgments thereon, as well as for costs, may be entered and enforced by execution or otherwise, by the county court, as in civil actions. It the issues are not sufficiently made up by the written pleadings on file, the court, on due notice to the opposite party, must settle and frame the issues to be tried, and upon which the court may render judgment."
Section 6499. "When a judgment or decree, is made, setting apart defining the homestead, confirming a sale, making distribution of real property, or determining any other matter affecting the title to real property, a certified copy of the same must be recorded in the office of the register of deeds of the county in which the real property is situated."
By this petition the plaintiff in error seeks to make a direct attack upon the judgment decreeing the sale of her lands and in the court of original jurisdiction where the judgment was rendered.
Under the state of facts, the only question left for consideration is. Did the county court of Okmulgee county, in the exercise of its probate jurisdiction, have a right to hear and determine this proceeding, and was it a direct attack upon its former judgment and decree?
Section 6, art. 2, of the Constitution of Oklahoma, in our Bill of Rights, reads:
"The courts of justice of the state shall be open to every person and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay or prejudice."
Van Fleet, in his work on Collateral Attack, in section 2, says:
"A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law. Illustration — A motion for a new trial or for a venire de novo; a motion in the cause to vacate, modify or correct the judgment according to the statute or the practice of the court; appeals; writs of error, certiorari; audita querela and prohibition; petitions for rehearing and bills of review; bills in equity or complaints and petitions under the Codes to set aside, vacate, modify or correct judgments for fraud, accident, mistake, or excusable neglect, are some of the modes provided by law for avoiding or correcting judgments, and are direct attacks with which this work has nothing to do.
"A late case in Indiana says: 'Whatever the form of the proceeding may be by which a party to a judgment is seeking to review it, or to obtain relief therefrom, if the proceeding is one for which provisions are made by statute, and the statutory method is being pursued, that is a direct attack. It also says that a bill in equity to set aside a judgment for fraud or mistake is, as a general rule, a direct attack.
" 'A direct attack upon a judgment is by appropriate proceedings between the parties to it seeking, for sufficient cause, alleged, to have it annulled, reversed, vacated or declared void.'
"A late case in Texas holds that a proceeding by heirs, to set aside a judgment against their ancestor, in the court where it was rendered, is a direct and not a collateral attack. It is said that, if they had attempted, to treat the judgment as a nullity on presentation to the probate court for allowance, that would have been collateral."
The same author, in defining collateral attack in section 3, says:
"A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law. As there are only two ways to attack a judicial proceeding, direct and collateral, it is *Page 120 
obvious that this definition complements the one in the last section, and they are both self-evident. Any proceeding provided by law for the purpose of avoiding or correcting a judgment, is a direct attack, which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be Successful only upon showing a want of power."
15 R. C. L., page 839, sec. 312, reads:
"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same in a proceeding instituted for that purpose. In general any statutory method for the purpose of avoiding, or correcting, a judgment is a direct attack, and it is usually held that a motion to open or vacate a judgment is a direct attack thereon, though it has been contended by some writers that such a motion unless made during, the term or within some time specified in a statute authorizing it, should be, supported only by the record, and therefore should be regarded as a collateral rather than a direct attack. A proceeding by audita querela to a judgment aside it constitutes a direct attack, as do proceedings by writ of error, appeal, or certitorari. Other methods direct attack are by filing of motion in the court in which the judgment has been entered to amend, or arrest of such judgment. An attack by habeas corpus on the validity of the judgment under which the petitioner is imprisoned has also been held to be a direct attack, though there are decisions to the effect that habeas corpus is a collateral remedy, and subject to the limitations common to collateral proceedings, since this writ involves an examination of evidence dehors the record. It has been held that which has been sold upon an execution is sued under a void judgment has a right, in an action to quiet title, to attack the judgment on the ground of lack of jurisdiction in the court rendering it, and such attack is a direct and not a collateral one."
On the question of courts reviewing, vacating, or modifying their own judgments. Revised Laws of Oklahoma, 1910, provides in part as follows:
Section 5267. "The district court shall have power to vacate or modify its own judgments or or orders, at or after the term at which such judgment or order was made * * * Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order. * * * Eighth. For errors in a judgment, shown by an infant in twelve months, after arriving at full age as prescribed in section 5142."
Section 5142. "It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant within the year, after arriving at the age of twenty-one years, may show cause against such order or judgment."
Section 5268. "The proceeding to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly, stood for trial, can be succeeding term."
Section 5269. "The proceedings to vacate or modify the judgment or order, on the five, six, seven, eight and nine of the second preceding section, shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."
Section 5275. "The provisions of this article shall apply to all the courts, of record of the state, so far as the same may be applicable to the judgments or final orders of such courts."
Article 7 of the Constitution of Oklahoma provides in part as follows:
Section 11. "There is hereby established in each county in the state a county court, which shall be a court of record. * * *"
Section 12. "The county court, co-extensive with the county, shall have original jurisdiction in all probate matters. * * *"
Section 13. "The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testimentary and or administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, mentus, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlement, partition, and distribution of the estates thereof."
In re Johnson et. al. (Twin State Oil Co. v. Johnson) 72 Oklahoma, 179 P. 605, this court said in paragraph one of the syllabus:
"County courts in this state have full control and jurisdiction of all probate matters, and may at any time prior to the majority of a minor whose estate is involved in any proceeding in said courts, upon proper notice and for sufficient legal *Page 121 
grounds, modify or vacate any order or judgment made by said court in said proceeding."
In that case the wards were still minors at the time the Twin State Oil, Company instituted its proceedings to recover its money in the probate court, and the syllabus was announced in conformity with the facts in the case. The syllabus does not purport to say that after a ward reaches his majority the county court loses all jurisdiction to modify or vacate any orders or judgments made by said court in said proceeding. That would have been in direct conflict with the statutes we have heretofore quoted.
While she remained a minor, she could not act independently of a next friend or her guardian. If her guardian was in collusion with some one to deprive her of her property, he, of course, would not act. The result would be to say to the minor: "You cannot bring a direct attack upon the orders or judgments of the county (probate) court while you are a minor, because of your lack of capacity to institute the proceedings. The minute you are of age, the only court where you can bring a direct attack loses jurisdiction." It is unfortunate for the minor if this is the law. See section 5142, supra.
The Twin State Oil Company Case, supra, is one relied upon by defendants in error, and upon the authority of which the district court sustained the motion to dismiss. When analyzed it has no application, except as to the first paragraph of the syllabus, and that paragraph sustains the contentions of the plaintiff in error. This court held the Twin State Oil Company's remedy was to go into a court of equity to recover the money it had paid for the oil and gas lease. The Twin State Oil Company had purchased an oil and gas lease from Joseph T. Johnson, as guardian of Callie M. Johnson, and John W. Johnson, minors, and paid $1,600 therefor. The oil company then filed its petition in the guardianship proceedings in the probate court and asked the court to compel Joseph T. Johnson, as guardian, to refund this money to it because there was already a valid and subsisting oil and gas lease on said tract of land; alleging that Joseph T. Johnson, as guardian, had fraudulently represented to the Twin State Oil Company that this prior lease was subject to cancellation for failure to pay the rentals thereon. They alleged in their petition that the prior lease was not subject to cancellation, was not void, and was a valid and subsisting lease.
The grounds of attack by the Twin State Oil Company amounted to an action to recover for failure to consideration. The failure of consideration depended upon the validity of the prior lease, not the lease executed by Joseph T. Johnson under the orders of the probate court in the guardianship proceeding. That was a question to try title to real estate, and not a title involved in any orders or proceedings had in the probate court. The Twin State Oil Company's right to recover the money did not depend upon any orders made by the probate court in said guardianship proceeding. If it could recover at all, it must recover on the ground that the prior lease was a valid and subsisting lease. The only court that could try this question was the district court of Nowata county. The opinion of Hardy, C. J., in said Twin State Oil Company Case was, under the facts, correct.
The other case relied upon by defendants in error and by the district court in sustaining the motion is Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 P. 173. In that case the court said:
"The question presented for our determination is: Was the proceeding had in the county court one in probate under the jurisdiction of the probate court? If it was, then this court would have no jurisdiction to review the judgment of the county court in said matter. Under the provisions of the Constitution, an appeal to review judgments and orders in probate matters could only be prosecuted to the district court. On the other hand, if this was not a probate proceeding, but was an ordinary action instituted for the purpose of canceling the lease in question, then the county court was without jurisdiction, and although the judgment or order may be void, yet an appeal will lie to this court for the purpose of causing said judgment to be vacated. It is unquestionably the law that the county courts of this state have full control and jurisdiction of all probate matters, and may at any time prior to the majority of any minor, whose estate is involved in any proceeding pending in said court, upon proper notice and for legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor. It will be noted that the petition filed in the county court in this matter was filed by William Berryhill after he became of age. His guardian was not a party to said proceeding. In his petition in said court he alleged certain reasons why the lease contract should not have been entered into by and between his guardian and plaintiff in error, and prayed that *Page 122 
the same should be modified or canceled. Over objection of plaintiff in error, a trial was had to the court, resulting in a judgment modifying and in effect canceling said lease, contract. From an examination of the case-made herein, it appears that a regular trial was had in the county court under such pleadings as would ordinarily be filed in the district court for the purpose of canceling an instrument. It must be remembered that the county court is a court of limited jurisdiction, and has only such jurisdiction as is conferred upon it by the Constitution and laws of this state. * * * We are of the opinion that the proceeding instituted in the county court was not a probate proceeding, as contemplated by the statutes and laws of this state, and that the county court had no jurisdiction to entertain said proceeding and to render the judgment which it did render, and that said proceeding and judgment are void."
It is clear that this was not treated as a probate matter, but as an action invoking the civil jurisdiction of the county court, and the civil jurisdiction of the county court did not extend to the cancellation of oil and gas leases; therefore, this case had no application.
If the judgment of the county court confirming the sale of real estate had reserved in it the right of the minor to show cause against the judgment, that it was void for want of jurisdiction or fraud, at any time within one year after arriving at full age, then there would be no question but that the minor could attack the validity of this judgment by a petition to vacate it within the specified time.
Section 5142, supra, entered into the judgment of the probate court as fully and to the same extent as though it had been written therein. For convenience in referring to it we quote that section again:
"It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment."
Article 25 of chapter 60, Revised Laws of 1910, is the article which provides for vacating judgments. Section 5275 of this article says:
"The provisions of this article shall apply to all the courts of record of the state, so far as the same may be applicable to the judgments or final orders of such courts."
As has heretofore been pointed out, under the Constitution of Oklahoma the county courts are courts of record, therefore section 5275 applies to judgments of the kind sought to be vacated by the petition of plaintiff in error.
It is argued that this is an attempt to try the title to real estate in the county court, which is expressly prohibited by section 12, article 7, of the Constitution. That part of the section applicable reads:
"Provided, That the county court shall not have jurisdiction * * * in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction."
In the petition to vacate the judgment, neither the title nor boundaries of land are in dispute or called in question. The question before the court is the validity of the judgment. If the district court should render a judgment foreclosing a mortgage on real estate, and decree sale of the property, the sheriff make the sale, it be confirmed by the court, and thereafter the defendant against whom the mortgage was foreclosed should come into that court by motion or petition to vacate the judgment on the ground that no service was had upon him and the court was without jurisdiction to adjudge a foreclosure of the mortgage, it would not be contended that the title or boundaries of the land were in dispute or called in question. The only thing before the court would be, Did the court have jurisdiction of the parties so it could legally hear and determine the action and render a valid judgment? If the court found the defendants had not been served, and it did not have jurisdiction of the parties, the judgment would be void and should be vacated. The effect of vacating the judgment of foreclosure may be to leave the purchaser at the execution sale without title, but his title was not in dispute or called in question in the proceeding to vacate the judgment. His title was secure, and could not be disputed or questioned so long as the judgment stood. The judgment was a barrier to protect that title. When that barrier was swept away by the order of the court vacating the judgment, then and not until then could an attack be made on the title. What is in dispute or called in question in any action or proceeding is quite different from what will be the effect of the decision or judgment of the court. The Constitution, in the above quoted section, is dealing with what is in dispute or called in question in an action, and not what will be the effect of, the judgment or order of *Page 123 
the court. We may be safe in saying that a court never does know the ultimate and full effect of its judgments. If it were to be concerned with the effect, its considerations would extend into eternity.
What if the probate court does set aside the judgment in this case, and by reason thereof the title of the purchaser at the guardian's sale fails? It was the order of this court that created all the title that was vested in the purchaser. If the court is vested with jurisdiction to make an order that creates a title, it would surely not exceed that vested jurisdiction if it set aside the order so made, even if by so doing the effect were to destroy or annul the title it had created.